[Crim. No. 274.   Third Appellate District.—November 13, 1914.]

THE PEOPLE, Respondent, v. JOE MALONE, Appellant.

CRIMINAL LAW — BURGLARY — SUFFICIENCY OF INFORMATION — SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT.—In this prosecution for burglary it is held upon the authority of the case of *People* v. *Warner, ante,* p. 751, in which the defendant was jointly charged with the appellant in this case, that the information was sufficient and that the evidence was amply sufficient to support the verdict.

ID.—EVIDENCE—POSSESSION OF STOLEN PROPERTY BY DEFENDANT'S COMPANION—ADMISSIBILITY OF.—Where the evidence shows that the defendant and his companion, when seen at all, were in the company of each other from the time when they were first observed in the immediate neighborhood of the burglary up to and including the time at which they were apprehended by the arresting officer, and all the circumstances of the case independent of the possession by defendant's companion of a smooth two-bit piece, identified as the same piece of coin that was in the rifled safe at the

time of the burglary, indicated the guilt of the defendant no less
than that of his companion, the fact of the finding of a part of the
stolen property from the safe on defendant's companion, within a
few hours after the property was taken, constituted a relevant and
material circumstance against the defendant, to be accorded, how-
ever, such weight in the proof of guilt as the jury might conceive
it to be entitled to after comparing and considering it with all the
other circumstances in the case.

ID.—GIVING OF ASSUMED NAME—POSSESSION OF MONEY BY DEFENDANT
AND COMPANION—POSSESSION OF SMOOTH COIN BY DEFENDANT'S
COMPANION.—There was no error in admitting evidence that defend-
ant's companion, when arrested, gave an assumed name to the officer,
that the defendant had in his possession a certain amount of money,
that upon defendant's companion was found a smooth quarter of a
dollar, identified by a witness as having been in the rifled safe at
the time of the burglary, and also admitting in evidence the moneys
taken from both the defendant and his companion, as all those cir-
cumstances were relevant and competent against the defendant, their
weight or evidentiary value being a matter for the jury to determine.

ID.—IDENTIFICATION OF DEFENDANT—FAILURE OF RESIDENTS TO IDENTIFY
—CROSS-EXAMINATION.—Where it appeared that the arresting offi-
cer after the arrest and prior to the trial took the defendant and
his companion to the town where the burglary occurred to ascer-
tain whether any of the residents of that place would be able to
identify them as persons whose presence at or near said town
they had observed shortly anterior to the time at which the crime
was committed, it was not error for the court to sustain an objection
to a question of counsel for defendant on cross-examination to show
that at one place to which they were taken they could not be identi-
fied, where the uncontradicted testimony of several witnesses showed
that the men were in the immediate neighborhood only a few hours
before the crime was committed.

ID.—EVIDENCE—SUSPICION OF SHERIFF OF PERSON OTHER THAN DE-
FENDANTS HAD COMMITTED CRIME—INADMISSIBILITY OF.—It was
not error for the court to refuse to allow the defendant to show
that the sheriff of the county, upon learning of the burglary, en-
tertained a suspicion that a person known to him, other than the
defendants, was the author of the crime, where there was nothing
in the direct examination of the sheriff to justify such inquiry on
cross-examination.

ID.—INSTRUCTIONS—BURDEN OF PROOF—REASONABLE DOUBT—PRESUMP-
TION OF INNOCENCE.—There was no error in refusing the follow-
ing instruction: "The court instructs you that when all the evi-
dence in the case is before the jury, the burden of proof remains
where it started, with the prosecution," where the court instructed
the jury, among other statements of law pertinent to the case that
"the state must prove by competent evidence every essential ele-

ment of the crime charged, to the satisfaction of each and every
juror, beyond a reasonable doubt," and further that "the law pre-
sumes every man to be innocent until his guilt is established beyond
a reasonable doubt," and that "this presumption attaches at every
stage of the case, and to every fact essential to a conviction."

ID.—REASONABLE DOUBT—INCORRECT FORM.—There was no error in re-
jecting an instruction proffered by the defendant which merely
contained in effect a statement of the rule as to reasonable doubt,
where the rule was fully and clearly amplified by the court in its
general charge; especially where the rejected instruction was not
in proper form, inasmuch as it would have told the jury that de-
fendant's companion was the only person on trial for the alleged
offense, which was not true.

ID.—THEORY OF INNOCENCE—DUTY TO ACQUIT—CIRCUMSTANTIAL EVI-
DENCE.—There was no error in such a case in refusing an instruction
proffered by defendant that "in considering the evidence, if you can
reasonably account for any fact in this case upon a theory or
hypothesis which will admit of the defendant's innocence, and if
you have a reasonable doubt of his guilt, you should acquit him,"
where the court declared the principle substantially in the following
instruction: "When circumstantial evidence is relied upon to obtain
a conviction, it is not only necessary that the circumstances all
concur to show that the defendant committed the crime, but that all
are consistent with any other rational theory."

ID.—INSTRUCTIONS—PROPERLY REFUSED WHEN COVERED BY OTHERS.—
There is no error in refusing instructions proffered by the defendant
where they have been fully covered by other instructions given by the
court.

APPEAL from a judgment of the Superior Court of So-
noma County. Henry C. Gesford, Judge presiding.

T. J. Butts, and Charles Peery, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy
Attorney-General, for Respondent.

HART, J.—The defendant was informed against, jointly
with one Henry Warner, by the district attorney of Sonoma
County, for the crime of burglary, and, having been convicted
of the crime so charged, prosecutes this appeal from the judg-
ment of conviction.

An opinion in the case of the defendant's codefendant,
Henry Warner (Crim. No. 273), affirming the judgment
therein, was this day handed down by and filed in this court.

(*People* v. *Warner*, *ante*, p. 751, [145 Pac. 545].) As the charge against both Warner and the defendant grew out of precisely the same transaction, the general facts are, of course, the same in both cases, and, having fully stated the facts in the Warner case, it is not considered necessary to repeat them here.

The defendant in the present case makes the points that the information is fatally defective in that the description of the building alleged to have been burglarized is not sufficiently definite to apprise him of the particular building thus referred to and that the evidence is so wanting in probative power that it is incapable of upholding the verdict. Upon both these points our views are expressed in the Warner case, and we have discovered no reason for holding them to be any less untenable in this than in that case. We, therefore, hold upon the authority of the Warner case, that the information is not amenable to the criticism to which it was there and is here subjected and that the evidence is amply sufficient to support the verdict in this case.

It is argued in this case, however, that, inasmuch as none of the stolen property was found in the personal possession of Malone, as was true in the case of Warner, the evidence here discloses no circumstance whatever tending to connect the defendant with complicity in the commission of the crime. But the fact that a certain part of the stolen property was found in the possession of Warner, the defendant's alleged companion in the commission of the crime, was shown in this case, and, under all the circumstances developed against both men through the evidence in both cases, that fact, unexplained, constituted a material inculpatory circumstance against Malone. And in this case, no attempt was made, as was done in the case of Warner, to explain the latter's possession of certain of the stolen property.

As shown in the opinion in the Warner case, the two men, when seen at all, were in the company of each other from the time they were first observed in the immediate neighborhood of Guerneville up to and including the time at which they were apprehended by the deputy sheriff of Marin County. Moreover, in addition to that circumstance and the other circumstances detailed in the opinion in the Warner case, the more or less significant circumstance was developed in this case that Malone carried his money in different parts of his

clothing—''some in his coat pocket, some in his pants pocket and some pinned in his clothes in the band of his trousers,'' so testified the deputy sheriff who arrested the two men. In brief, all the circumstances, independent of that of the possession by Warner of a smooth two-bit piece, identified as the same piece of coin of that description that was in the safe at the time of the burglary, indicated the guilt of Malone no less than that of Warner, or, in other words, indicated, if anything at all of an incriminatory nature, so far as Malone and Warner were concerned, that the crime was the consummation of their combined or joint action. Therefore, we say, the fact of the finding of a part of the property stolen from the safe by one of the two men, within a few hours after the property was so taken, constituted a relevant and material circumstance against the other, to be accorded, however, such weight in the proof of guilt as the jury might conceive it to be entitled to after comparing and considering it with all the other circumstances in the case.

Complaint is made of the rulings whereby the following testimony was allowed to go to the jury, the defendant having objected to the same on the usual general grounds, claiming as the specific ground of his objections, that no showing was made that the burglary was committed by more than one person, viz.: 1. That Warner, when arrested, gave his name as ''Lawson'' to the officer making the arrest; 2. That the defendant had in his possession a certain amount of money; 3. Admitting in evidence the smooth quarter of a dollar found in the possession of Warner and above referred to; and, 4. Admitting in evidence the moneys taken from both the defendant and Warner. But the very purpose of all this testimony was to disclose to the jury circumstances tending to show that the defendant, who had all along been the companion of Warner, was implicated with the latter in the commission of the crime. Clearly, all those circumstances were relevant and competent as against the defendant. Their weight or evidentiary value was, of course, a matter whose determination was solely with the jury.

It appears that, after the arrest of the two men and prior to their trial, the sheriff took them to Guerneville to ascertain whether any of the residents of that place would be able to identify them as persons whose presence at or near said town they had observed shortly anterior to the time at which the

crime was committed, and that among the places in Guerneville to which the two men were so taken was the store of a Mr. Cobb. Counsel for the defendant asked the sheriff the following question on cross-examination: "And they could not identify them there at Cobb's?" to which question the court sustained an objection by the district attorney. It is here contended that said ruling was erroneous and prejudicial, but the contention is clearly untenable. Doubtless the sheriff could have brought the men into the presence of many of the residents of Guerneville that had never seen them prior to the time they were so brought before them, but that fact itself would not constitute proof that they were not in Guerneville on the day that the burglary was committed or the day preceding that day. The fact is that the uncontradicted testimony of several witnesses shows that the two men were seen in Guerneville and the immediate neighborhood thereof on the afternoon of the twentieth day of May, only a few hours before the crime with which they were charged was perpetrated.

Nor was it error for the court to refuse to allow the defendant to show that the sheriff of Sonoma County, upon learning of the burglary, entertained a suspicion that a character known to him as "'Big Otto'" was the author of the crime. It is not conceivable that the fact, if it was a fact, that the sheriff suspected some other person than the accused of having committed the crime could shed any light upon the question of the guilt or innocence of the defendant. As independent or substantive proof such testimony would obviously be incompetent in that it would involve the expression of the mere opinion of the sheriff, and there was nothing testified to by the sheriff in his direct examination which seemed to justify, on cross-examination, inquiry into the question whether he had conceived and entertained such a suspicion.

It is insisted that the court made a mistake to the serious disadvantage of the accused by rejecting the following instruction requested by him: "The court instructs you that when all the evidence in the case is before the jury, the burden of proof remains where it started, with the prosecution."

The principle thus stated was sufficiently covered by the court in its general charge to the jury. Therein the court declared to the jury, among other statements of the law pertinent to the case, that "the state must prove by competent evidence every essential element of the crime charged, to the

satisfaction of each and every juror, beyond a reasonable doubt.'' Thus the jury were plainly told where the burden of proof lay. Again, the court instructed them that ''the law presumes every man to be innocent until his guilt is established beyond a reasonable doubt,'' and that ''this presumption *attaches at every stage of the case,* and to every fact essential to a conviction.'' Very clearly, by the foregoing language, the jury were in effect instructed, not only that the burden of proof rested upon the people but that such burden there remained throughout the entire case and until a verdict was arrived at.

Instruction No. 7, proposed by the defendant and rejected by the court, merely contained, in effect, a statement of the rule as to reasonable doubt, which rule was fully and clearly amplified by the court in its general charge. Besides, the rejected instruction was not in proper form, so far as this case is concerned, inasmuch as it would, as proposed, have told the jury that ''Henry Warner is the only person on trial before you for this alleged offense,'' which, obviously, was not true. However, as stated, the fact that the court did submit to the jury the principle therein declared is a sufficient answer to the complaint that its rejection was erroneous.

Error is assigned in the action of the court in rejecting the following instruction, requested by the defendant: ''In considering the evidence, if you can reasonably account for any fact in this case upon a theory or hypothesis which will admit of the defendant's innocence, and if you have a reasonable doubt of his guilt, you should acquit him.''

The principle thus declared was substantially stated in the following given instruction: ''When circumstantial evidence is relied upon to obtain a conviction, it is not only necessary that the circumstances all concur to show that the defendant committed the crime, but that all are inconsistent with any other rational theory.'' (See, also, given instructions Nos. 11, *supra,* 14 and 15, clerk's Trans.)

In a number of instructions given to the jury at the request of the defendant, the court fully and correctly stated the rules of law relating to the recent possession of stolen property by one accused of stealing the same, etc., and, therefore, the rejection of instruction No. 16 (p. 39, clerk's Trans.), proposed by the defendant, and covering precisely the same proposition, was not prejudicial.

Instruction No. 19, proposed by the defendant and refused by the court, is literally in the language of one of the given instructions, and its rejection was, therefore, proper.

There are no other points calling for special notice in this opinion.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.