[Civ. No. 3402. Second Appellate District, Division One.—December 14, 1920.]

## THOMAS F. GLASS, Appellant, v. BOARD OF MEDICAL EXAMINERS, etc., et al., Respondents.

[1] MEDICAL PRACTICE ACT—DEFINITION OF UNPROFESSIONAL CONDUCT — REVOCATION OF CERTIFICATE — CLASS LEGISLATION — CONSTITUTIONALITY OF. — The state Medical Practice Act (Stats. 1917, p. 111), in defining "unprofessional conduct" as " . . . Third—All advertising of medical business which is intended or has a tend-

ency to deceive the public or impose upon credulous or ignorant persons, and so be harmful or injurious to public morals or safety," and providing for the revocation of a certificate to practice medicine and surgery whenever the holder of such certificate is guilty of unprofessional conduct as defined in said act, does not deny to citizens the equal protection of the law and is not class legislation; neither is it void or unconstitutional for vagueness or uncertainty.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Warren L. Williams, Paul Schenck, Richard Kittrelle and Seymour S. Silverton for Appellant.

Harry A. Encell, Frank M. Smith and Chas. D. Ballard for Respondents.

CONREY, P. J.—Upon complaint before the board of medical examiners against Thomas F. Glass, and after answer filed by him and a hearing before the board, an order was made revoking the certificate of said Glass licensing him to practice medicine and surgery in the state of California. On petition by him, the superior court of the county of Los Angeles issued a writ of review of said proceedings and order. A full return having been made and the matter having been duly considered by that court, the order of the board of medical examiners was affirmed. From the judgment so entered petitioner prosecutes this appeal.

The State Medical Practice Act provides for the revocation of a certificate to practice medicine and surgery whenever the holder of such certificate is guilty of unprofessional conduct as defined in said act. Section 14 of the act provides that "the words 'unprofessional conduct' as used in this act, are hereby declared to mean: . . . Third—All advertising of medical business which is intended or has a tendency to deceive the public or impose upon credulous or ignorant persons, and so be harmful or injurious to public morals or safety." (Stats. 1917, p. 111.) It appears that appellant's license was revoked by reason of acts constituting a violation of said subdivision 3.

[1] The argument in support of this appeal is based upon two propositions only: (1) That subdivision 3 is unconstitutional for the reason that it denies to citizens the equal protection of the law and is class legislation. (2) That the language of the subdivision is so uncertain and indefinite that it is void and fails to confer any jurisdiction upon the board of examiners to revoke a license upon facts claimed to be in violation "of these indefinite, ambiguous and uncertain provisions." The first proposition is without merit. The law does not recognize the right of any person to do acts which are harmful or injurious to public morals or safety. So far as the penalty is concerned, it is made as broadly applicable as the subject matter will permit; in fact, it includes the entire public to which it could possibly apply, since a certificate to practice medicine could not be taken away from a person who did not hold any such certificate.

The principal authority relied upon by appellant to sustain his contention that subdivision 3 is void because of uncertainty and indefiniteness, is found in the case of *Hewitt* v. *Board of Medical Examiners,* 148 Cal. 590, [113 Am. St. Rep. 315, 7 Ann. Cas. 750, 3 L. R. A. (N. S.) 896, 84 Pac. 39]. The court there reviewed an order of the board of medical examiners under the act relating to this subject which was in force at that time. It was provided in that act that "all advertising of medical business in which grossly improbable statements are made" should constitute unprofessional conduct. It was held that the provision was too indefinite to state an offense, and the order was annulled. The court said: "While, as we have said, the right of the legislature to confer power upon a medical board to revoke the license of a physician is granted upon the authority of the legislature to legislate in the interest of public health, safety, and morals, there is nothing in the terms of this provision authorizing the board to revoke a certificate to practice medicine on account of the publication of 'grossly improbable statements,' from which it can be even inferred that any of these considerations prompted the legislative mind in conferring the power of revocation upon the board, or that any of them are to be taken into consideration by that body in determining whether a given statement is 'grossly improbable' or not. Under this provision the pen-

alty of forfeiture of a physician's license is not made to depend upon falsity in fact of any matter contained in a statement or knowledge on the part of the physician that it is false, or for the reason that it was intended or had a tendency to deceive the public or to impose upon credulous or ignorant persons, and so be harmful and injurious to public morals, health, and safety. It is a matter of no moment under the provision of the act, and is entirely immaterial whether the statement is true or false, beneficial or injurious.''

A comparison of the foregoing language used by the supreme court with the words used in subdivision 3 of section 14 of the act now under consideration, is sufficient to fairly test the whole matter. The legislation was evidently framed with the direct purpose and intention of stating a rule in conformity with the principles declared in the Hewitt case. Under these provisions a certificate could not be revoked unless it was first determined by the board that the advertising complained of was in fact false and was intended or had a tendency to deceive the public or impose upon credulous or ignorant persons, and so be harmful to public morals or safety. It would not be possible to frame a definition of unprofessional advertising which would anticipate in terms every form of advertisement which unscrupulous practitioners might thereafter devise. This being so, it cannot reasonably be held necessary to the validity of the statute that it go further than to state a reasonably definite rule under which all such specific acts might be included. This we think has been done in the terms of the statute so far as the same are now presented for consideration. Precisely the same words are found in the Medical Practice Act of the state of Washington. In *State Board of Medical Examiners* v. *Macy,* 92 Wash. 614, [159 Pac. 801], this provision was attacked upon the same grounds urged by appellant here. After an extensive review of decisions from various states, including *Hewitt* v. *State Board of Medical Examiners, supra,* the court held that this definition of unprofessional conduct in advertising is not void or unconstitutional for vagueness or uncertainty.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1921.

All the Justices concurred, except Sloane, J., who did not vote.