[Civ. No. 3418.   Fourth Dist.   Oct. 24, 1946.]

GUS LAINE, Respondent, v. W. H. WEDDELL et al., Defendants; BERING MONROE, Appellant.

Martin J. Coughlin and W. H. Weddell for Appellant.

Duckworth, Mussell & King for Respondent.

GRIFFIN, J.—Plaintiff and respondent Gus Laine, hereinafter referred to as plaintiff, filed this action for damages against defendant and appellant Bering Monroe (hereinafter referred to as defendant) and against his employers, defendants W. H. Weddell, et al.

Defendant Monroe was driving a Lincoln coupe westerly from San Bernardino toward Los Angeles approximately 12 miles east of Ontario along Valley Boulevard on the north shoulder thereof.   That boulevard runs east and west and is

a through highway as defined by sections 82.5 and 471 of the Vehicle Code. The paved portion thereof is divided into three traffic lanes, each 10 feet in width. There is a macadam shoulder approximately 6 to 9 feet wide on each outer edge of the pavement. Laine was driving his Chevrolet in the same direction but several hundred feet ahead of the Monroe car. Plaintiff, according to his testimony, was traveling at about 25 or 30 miles per hour in the first lane of traffic as he approached the intersection of Valley Boulevard and Calabash Avenue. When he was about 200 yards from the intersection he saw two boys standing on the south side of the highway. He reduced his speed to approximately 10 miles per hour and the boys crossed the boulevard in front of him. While traveling at about 10 miles per hour he entered the intersection above mentioned and he then noticed a lady walking westerly on the north shoulder of the boulevard crossing Calabash Avenue about 6 feet north of the pavement. After he passed the lady he stopped or was stopping to see if she wanted a ride. His car was straddling the white line between the shoulder and the north lane of the highway. About that time defendant's car struck his Chevrolet from the rear.

Defendant, according to his evidence, first noticed plaintiff when he (Monroe) was about 250 feet east of the intersection and about 150 feet behind Laine's car. Laine's car was then traveling with its left wheels on the white line dividing the north and center lanes. At that point Monroe was traveling between 35 and 38 miles per hour and Laine was going about 18 miles per hour. Monroe started to ''angle out'' towards the center lane to pass the Laine car. When he was about 50 feet from Laine's car plaintiff Laine, without giving any signal or warning, came to an abrupt stop. Defendant immediately applied his brakes and attempted to swerve his car still farther to his left but was unable to avoid a collision. The right front portion of his car struck the left rear portion of plaintiff's car when plaintiff's car was in the intersection. The impact broke the brake-line on defendant's car and it continued on for a distance of about 100 feet. Monroe sustained personal injuries which incapacitated him for a considerable period of time and his automobile was damaged.

On the day in question visibility was good. However, there had been intermittent drizzling rains and the highway was slippery. After trial, without a jury, the court specifically

found, in findings apparently prepared by the attorney for defendant and cross-complainant, that on the day in question ". . . the driver of an automobile approaching said Calabash Avenue from the east along said Valley Boulevard, during the last 100 feet of his approach to said intersection, did not have a clear and unobstructed view of the traffic on Calabash Avenue for a distance of 100 feet." In paragraph VI of the findings it specifically found that when in that intersection Laine "brought his automobile to an abrupt stop and gave no signal of any intention to stop"; that defendant Monroe attempted to pass Laine "and did not sound his horn or give any other warning of his intention to pass and, while so attempting to pass said Chevrolet coupe automobile the said Bering Monroe was driving at a speed in excess of 15 miles an hour"; that the manner in which Laine and Monroe drove their cars "as aforesaid, each proximately contributed to a collision" between the two cars. From these specific findings above quoted the court concluded that defendant Monroe, in operating his car "in the manner set forth in said par. VI . . . was negligent"; that "said negligence proximately . . . contributed to said collision. . . ."

Judgment was entered that neither plaintiff nor cross-complainant should recover damages.

Defendant Monroe has appealed from that portion of the judgment disallowing him a recovery on his cross-complaint and argues that the evidence does not support the findings and that the findings do not support the judgment. In support thereof he cites *Snearly* v. *Hiestand,* 50 Cal.App. 393, 396 [195 P. 272], which states the rule in reference to findings of ultimate facts as follows:

"The finding of an ultimate fact cannot be overcome by a finding of probative facts unless it clearly appears that the finding of the ultimate fact is entirely based on probative facts which are destructive of the former, or where it appears that the trial court made the finding of the ultimate fact as a conclusion from the particular facts found. . . ."

Here the trial court made a specific finding of two probative facts, i. e. (1) that Monroe failed to sound his horn when attempting to pass plaintiff's car, and (2) that he was traveling in excess of 15 miles per hour at the time. From those probative facts it drew the conclusion that defendant was guilty of contributory negligence. Under the case cited, then, there remains but one question for this court to determine

and that is whether or not there is sufficient evidence to support the two probative findings of fact specified in paragraph VI of the findings and whether such acts, if supported by the evidence, constitute contributory negligence on the part of the defendant.

We have searched the record in vain for any evidence showing that defendant Monroe did not sound the horn on his car. Plaintiff has not pointed out to this court any evidence supporting that finding. It therefore must be held that the finding "that defendant did not sound the horn," stands unsupported by the evidence.

As to the second probative fact found, defendant testified that he was traveling on Valley Boulevard between 35 and 38 miles per hour and that when he approached the intersection about 40 or 50 feet behind plaintiff's car, he completely applied his brakes, and soon thereafter the right front fender of his car struck the left rear fender of plaintiff's car near the center of the intersection.

From the evidence produced at the trial it was not clear whether Valley Boulevard was, at the time, a through highway, and whether proper stop signs had been erected at the entrance to it.

A motion was made by defendant in this court to produce additional testimony on the subject. The parties hereto have since filed a written stipulation that Valley Boulevard, at the time, was a through highway, as defined by section 82.5 of the Vehicle Code, and that the intersection described in the findings was *not* obstructed as found by the trial court, and that this court may, in the consideration of this appeal, consider the facts as set forth in the stipulation.

Section 511 of the Vehicle Code provides that the speed of any vehicle upon a highway not in excess of the limits provided in said section is lawful unless clearly proved to be in violation of the basic rule declared in section 510 of the Vehicle Code. There being no finding that the basic rule was violated, the permissible speed at the time and place was 55 miles per hour, and consequently a finding that defendant was traveling in excess of 15 miles per hour is not, in and of itself, a violation of the law, nor does it necessarily establish negligence on the part of the defendant.

Whether the intersection involved was one where a driver approaching the intersection from the east did not have a clear and unobstructed view of the traffic approaching from

the north is not material under the facts in this case. Subdivision 4 of section 511 of the Vehicle Code specifically provides that the 15-mile prima facie speed limit does not apply ''on a through highway,'' even though the intersection is obstructed.

We must conclude that the probative facts found are unsupported by the evidence or that they do not constitute negligence in and of themselves, and therefore do not support the ultimate finding of contributory negligence specifically based upon those probative facts so found. Whether the record may disclose other acts of the defendant which might constitute contributory negligence on his part cannot be considered on this appeal since there is no ultimate independent finding of contributory negligence.

It is apparent that the trial court was of the opinion that the defendant was limited to a prima facie speed limit of 15 miles per hour at an obstructed intersection, even though the highway was a through highway. If the court's ultimate conclusion that defendant was guilty of contributory negligence was predicated upon this erroneous belief, then the ultimate conclusion must fall because it is based upon a false premise. Under these circumstances, defendant should have a new trial on his cross-complaint.

Since the evidence sought to be produced by the motion to take additional testimony has been supplied by stipulation, that motion will be dismissed.

The portion of the judgment appealed from is reversed.

Barnard, P. J., and Marks, J., concurred.