278 P.2d 196

**Application for License as Life Insurance Agent of Roy WILLIAMS, Applicant-Appellant,**

**v.**

**Leo O'CONNELL, Commissioner of Insurance of the State of Idaho, Respondent.**

No. 8153.

Supreme Court of Idaho.

Dec. 23, 1954.

Vernon K. Smith, Boise, for appellant.

Robert E. Smylie, Atty. Gen., and Robert B. Hodge, Asst. Atty. Gen., for respondent.

TAYLOR, Justice.

Respondent, as state commissioner of insurance, after a hearing thereon, denied appellant's application, and refused to issue to him a license to act as a life insurance agent. Upon appeal to the district court and after a hearing de novo, as required by § 41–1013, I.C., the court affirmed the order of the commissioner, Appellant brings the case here. In the commissioner's order the grounds for refusing the license are set out as follows:

"I

"That the applicant has heretofore been refused licensure as a life insurance agent by the Department of Insurance;

"II

"That the applicant made a material misstatement in his application for license as aforesaid;

"III

"That the applicant has heretofore demonstrated a lack of trustworthiness or competence to act as a licensed insurance agent, and that the applicant has heretofore been guilty of fraudulent and dishonest practices in that he has heretofore been convicted of a felony;"

In the district court the cause was submitted upon facts stipulated as follows:

"I

"That Roy Williams was denied an application as a life insurance agent by the Honorable James Hubbard, then Commissioner of Insurance in April, 1948;

"II

"That Roy Williams was convicted on January 27, 1935 in the State of Iowa for the offense of operating an automobile while not properly registered and was sentenced to serve a period of one to three years;

"III

"That Roy Williams was convicted on February 21, 1935 of the crime of

124

conspiracy in the State of Iowa and was sentenced to serve three years at Fort Madison, Iowa;

"IV

"That Roy Williams was on March 8, 1937 in the State of Texas convicted of the crime of forgery and sentenced to serve two years;"

In authorizing such a license the statute provides:

"If the commissioner of insurance is satisfied that the applicant is trustworthy and competent and the applicant, if required, has passed his written examination, a license shall be issued forthwith, * * *." § 41–1006, I.C.

The statute under authority of which the commissioner acted provides:

"(a) A license may be refused or a license duly issued may be suspended or revoked or the renewal thereof refused by the commissioner of insurance if, after notice and hearing as hereafter provided, he finds that the applicant for or holder of such license:

"(1) * * *

"(2) Has intentionally made a material misstatement in the application for such license; or

"(3) Has obtained, or attempted to obtain, such license by fraud or misrepresentation; or

"(4) * * *

"(5) Has otherwise demonstrated lack of trustworthiness or competence to act as a life insurance agent; or

"(6) Has been guilty of fraudulent or dishonest practices; or * * *." § 41–1012, I.C.

■ Referring to the first ground of the commissioner's refusal, we do not find in the statute any authority for the denial of an application solely upon the ground that a previous application has been denied.

■ There is nothing in the record to support the second ground of refusal. The appellant's application for a license is not before us, and the stipulation does not purport to set forth facts showing a material misstatement in the application. The record is deficient. In such cases the commissioner should make findings of the facts upon which he bases his decision; likewise the district court; and such findings should be made a part of the record.

■ The third ground combines the grounds mentioned in subparagraphs 5 and 6 of the statute above quoted. Appellant urges that these statutory provisions are invalid because they are so indefinite and uncertain as to violate due process of law. We do not agree with this contention. Appar-

rently appellant is urging the minority view. This statute, like the one providing for the licensing and regulation of the other professions, trades and vocations, is an exercise of the police power of the state and is governed by the same general rules. Decisions involving statutes governing the licensing of physicians, surgeons and dentists are reviewed in the annotation in 5 A.L.R. 94. The annotator summarizes as follows:

> "The rule obtaining in the majority of the jurisdictions which have passed on the question is that a statute providing that the license of a physician, surgeon, or dentist may be revoked by the officers or board by which such licenses are granted, is not rendered uncertain or otherwise invalid because the grounds for revocation are therein stated in general terms." 5 A.L.R. 94.

In Yoshizawa v. Hewitt, 9 Cir., 52 F.2d 411, 79 A.L.R. 317, it was held that the provision of a statute of the territory of Hawaii authorizing the revocation of a physician's license for "gross carelessness" is not too vague. This case is followed by an annotation, 79 A.L.R. 323, supplementing 5 A.L.R. 94. Other decisions upholding statutory provisions equally uncertain as those here involved, are: Richardson v. Simpson, 88 Kan. 684, 129 P. 1128, 43 L.R.A., N.S., 911; Lassen v. Board of Dental Examiners, 25 Cal.App. 767, 142 P. 505; State Board of Medical Examiners

v. Jordan, 92 Wash. 234, 158 P. 982; Glass v. Board of Medical Examiners, 50 Cal. App. 389, 195 P. 73; Zemansky v. Board of Police Com'rs of City of Los Angeles, 61 Cal.App.2d 450, 143 P.2d 361; Smulson v. Board of Dental Examiners, 47 Cal.App. 2d 584, 118 P.2d 483; Forman v. State Bd. of Health, 157 Ky. 123, 162 S.W. 796; 53 C.J.S., Licenses, § 38. Cf. Williams v. Dickey, 204 Okl. 629, 232 P.2d 637.

■ Most of these cases deal with provisions authorizing revocation of licenses, while here we are concerned with the authority of the commissioner to refuse an application for a license. In the case of an application for license, a broader and more liberal view of the statute, and the authority and discretion of the commissioner thereunder, should be applied, than in a case involving the revocation of a license once issued. The reason was pointed out in Czarra v. Board of Medical Supervisors, 25 App.D.C. 443, at page 454:

> "We concur in the view that statutes requiring proof of general qualifications, such as of good moral character, and the like, before one can be granted a license to practice medicine, stand upon a different ground from those creating offenses and providing penalties therefor upon conviction. Such statutes, in general, are undoubtedly valid and enforceable. The police power of every State warrants the requirement of the possession of all

**126**

reasonable qualifications by those who seek to engage in the public practice of medicine, and, incidentally, the extension of a wide discretion to those agencies charged with the duty of inquiry and determination. But we do not agree that the exercise of the same wide discretion can be extended to a case where, when one has been regularly admitted, the deprivation or forfeiture of his license is sought under another or an independent provision of the same statute. The right to practice the profession, once regularly obtained by compliance with the law, becomes a valuable privilege or right in the nature of property, and is safeguarded by the principles that apply in the protection of property lawfully acquired."

Appellant's felony convictions indicate a lack of trustworthiness as well as fraudulent and dishonest practices. Although they are remote in time, if the application was urged upon the theory of reformation and subsequent trustworthiness and honest conduct, there is nothing in the stipulated facts to so indicate. The burden in that respect, we think, under the circumstances, would be upon the applicant.

The judgment is affirmed with costs to respondent.

PORTER, C. J., and GIVENS and KEETON, JJ., concur.