[Civ. No. 4933.   Third Appellate District.—April 24, 1934.]

BERTHA NORTON, Respondent, v. FLOYD PUTER, Appellant.

Colding, Hale, Crawford & Myers for Appellant.

John H. Childs, Hersch & Peterson and Charles Reagh for Respondent.

THOMPSON, J.—The defendant has appealed from a judgment of $3,500 which was rendered against him for wilful misconduct in the operation of his automobile, resulting in an accident and serious injuries sustained by the plaintiff, who was riding as a guest in his machine.

The plaintiff and her roommate, Miss Nichols, together with a number of other persons, attended a party the night of November 18, 1931, at the defendant's home, three miles south of Crescent City near the Redwood Highway. At 5 o'clock the following morning the defendant and his son, Rex, together with the plaintiff and Miss Nichols, started to return to Crescent City in his machine. The defendant drove the car. The plaintiff sat with him in the front seat. His son and Miss Nichols occupied the rear seat. It was raining and the paved highway was slippery. The defendant drove from his home very rapidly along a private lane to the highway. The plaintiff testified in that regard, "When he got in the car he backed out and shot down the lane." There is substantial evidence that when they reached the highway the defendant drove northerly along the pavement at the rate of fifty-five miles an hour. The car was swerving from side to side. As they approached a turn in the highway, where the defendant's car had previously skidded, his view of the highway was obscured by rain which had accumulated on the windshield, the automatic wiper having ceased to operate. The defendant was warned by his son not to drive so fast. The defendant admitted that he "was going pretty fast all right". In spite of the warning and the danger of the turn in the road where he admitted "I have had one or two pretty close calls on that road that I had not forgot," in spite of the

slippery condition of the highway, the swerving of the car and his obscured vision on account of the rain and the blocking of his windshield wiper, the defendant failed to diminish his speed. The machine skidded at the turn of the road and ran into the ditch by the side of the highway. Miss Nichols testified that the car rolled over three times, although it finally landed on its wheels. The plaintiff was seriously injured, including a fractured and dislocated pelvis and numerous lacerations.

The complaint fails to allege in terms that the defendant was guilty of wilful misconduct, but paragraph III of the amended complaint does charge that "It was dark, rain was falling and the said highway and the pavement thereon were wet and slippery, . . . Defendant drove and operated his automobile at said time and place . . . at a speed of 55 miles per hour or thereabouts, and that as a proximate result of said rate of speed . . . under the circumstances as hereinabove alleged, said automobile left the paved portion of said highway and overturned . . . causing her (the plaintiff) great and grievous injuries as hereinbelow set forth." The cause was tried by the court sitting without a jury. Findings were adopted by the court that "all the allegations set forth in paragraphs I, II, III and IV of plaintiff's amended complaint, as amended to conform to the proof, are true", that the allegations of the answer in conflict therewith are untrue, and that "plaintiff is entitled to judgment against defendant in the sum of $3,500". Judgment was rendered accordingly. From that judgment the defendant has appealed.

In announcing the decision, the judge suggested that an amendment to the amended complaint be filed to conform to the proof adduced, to the effect that the accident occurred as a result of the drunkenness of the defendant in addition to the charge of wilful misconduct. There was no finding of drunkenness adopted by the court. If that amendment was filed in compliance with the suggestion of the court, it does not appear in the record. The omission to file the amendment is immaterial and harmless. On appeal, the respondent concedes, "There was no proof that the defendant was drunk." Drunkenness is therefore not an issue to be determined on appeal. The cause rests solely upon the question as to whether the defendant's

manner of operating his machine at the time of the accident amounts to wilful misconduct.

The appellant contends that the judgment is not supported by the evidence for the reasons that the record fails to show that he was guilty of wilful misconduct, thereby relieving him from liability to a guest under the provisions of section 141¾ of the California Vehicle Act as that law existed at the time of this accident, and upon the contrary that the accident occurred on account of the contributory negligence of the plaintiff.

There is no merit in appellant's contention that the plaintiff was guilty of contributory negligence. In his brief the defendant argues elaborately that the record discloses no evidence of his intoxication. The respondent concedes this to be true. It may therefore not be held that the plaintiff was guilty of contributory negligence in riding in an automobile with knowledge or belief that the driver thereof was intoxicated. Nor do we believe the evidence shows as a matter of law that the plaintiff was guilty of contributory negligence in failing to personally protest against the excessive speed at which the defendant was driving the automobile under the circumstances of this case. The evidence does not show that the plaintiff knew the windshield wiper was not operating. It does not appear she knew of the dangerous curve in the highway which they were then approaching. She did know the machine was traveling at an excessive rate of speed in a rain storm, and that it was swaying from side to side, but the defendant's son warned his father against his rapid rate of speed. Under such circumstances it may not be held as a matter of law that the plaintiff was guilty of contributory negligence.

We are of the opinion the facts of this case show that the defendant was guilty of wilful misconduct in the manner in which he operated his automobile, which conduct proximately contributed to the accident resulting in the injuries sustained by the plaintiff. The defendant knew the pavement was wet and slippery; his vision was obscured by the falling rain and the water on his windshield; the windshield wiper was not operating; he knew he was approaching a dangerous curve in the highway where he had previously had "one or two pretty close calls" in escaping similar accidents; he had been warned several

times by his son to diminish the speed of his car; the machine was running fifty-five miles an hour, and was swaying from side to side, yet with a full appreciation of these dangerous conditions the defendant recklessly attempted to drive around the curve without slackening the excessive speed of his machine in violation of section 113 of the California Vehicle Act, thereby endangering the "lives and limbs" of the occupants of his car. ▮ It was the exclusive province of the court to determine whether the defendant was guilty of wilful misconduct in recklessly driving his machine at the rate of fifty-five miles an hour under the circumstances of this case. (*Walters* v. *Du Four,* 132 Cal. App. 72 [22 Pac. (2d) 259].)

Since the amendment of section 141¾ of the California Vehicle Act, which took effect August 14, 1931, before this accident occurred, the driver of an automobile is liable only for injuries sustained by a guest while riding in his car, resulting from his intoxication or wilful misconduct. Since intoxication of the defendant is not an issue on this appeal, the sole remaining question is whether the conduct of the defendant in operating his machine at the time of the accident amounts to wilful misconduct. Wilful misconduct depends upon the facts of a particular case and necessarily involves deliberate, intentional or wanton conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person, that danger is likely to result therefrom. (*Helme* v. *Great Western Milling Co.,* 43 Cal. App. 416 [185 Pac. 510]; *Olson* v. *Gay,* 135 Cal. App. 726 [27 Pac. (2d) 922]; *Walker* v. *Bacon,* 132 Cal. App. 625 [23 Pac. (2d) 520]; *Howard* v. *Howard,* 132 Cal. App. 124 [22 Pac. (2d) 279].) Webster's New International Dictionary, page 1379, defines misconduct as "wrong or improper conduct; bad behavior; unlawful behavior or conduct; malfeasance". (40 C. J., p. 1221.) Wilfulness necessarily involves the performance of a deliberate or intentional act or omission regardless of the consequences. In *Helme* v. *Great Western Milling Co., supra,* it is said:

"'Willful misconduct' means something different from and more than negligence, however gross. The term 'serious and willful misconduct' is described by the supreme court of Massachusetts as being something 'much more than

mere negligence, or even gross or culpable negligence', and as involving 'conduct of a *quasi*-criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its possible consequences'. (*In re Burns,* 218 Mass. 8 [Ann. Cas. 1916A, 787, 105 N. E. 601].) The mere failure to perform a statutory duty is not, alone, willful misconduct. It amounts only to simple negligence. To constitute 'willful misconduct' there must be actual knowledge, or that which in the law is esteemed to be the equivalent of actual knowledge, of the peril to be apprehended from the failure to act, coupled with a conscious failure to act to the end of averting injury. (*Smith* v. *Central etc. Ry. Co.,* 165 Ala. 407 [51 So. 792].)''

The conduct of the driver of an automobile was held to constitute wilful misconduct in the case of *Olson* v. *Gay, supra,* under circumstances showing that his machine approached from the rear a string of three trucks with trailers traveling at night at close intervals along the highway. He was running at the rate of fifty-five or sixty miles an hour. Without reducing the speed of his car, Gay passed the rear truck on the left-hand side. The guest protested against his rate of speed. Declaring that he was in a hurry to reach San Francisco, the driver turned out and passed the second truck. Again the passenger protested. Without slackening the speed of the car, he attempted to pass the third truck, failing to observe an automobile approaching from the opposite direction. A collision occurred, and the guest was injured.

The verdict of a jury based upon wilful misconduct was sustained in the case of *Walker* v. *Bacon, supra,* under circumstances showing that the owner of an automobile drove his car sixty-six miles an hour over a rough road knowing that the steering knuckle of his machine was worn and dangerously defective, which facts contributed to the accident causing the injuries sustained by his guest, who was riding in the machine. This was held to be wilful misconduct.

In the present case, the known dangerous condition of the pavement, the obstruction of the driver's view on account of the rain and the water on the windshield, the defective windshield wiper and the excessive speed of the

car, furnish evidence of wilful misconduct sufficient to support the judgment.

Although the complaint fails to allege in specific language that the defendant was guilty of wilful misconduct, the facts which are alleged in the amended complaint sufficiently informed him of the misconduct upon which the plaintiff relied to constitute a good cause of action. The appellant is in error in asserting that the case was not tried on the theory of wilful misconduct. During her examination in chief, the plaintiff was asked how fast the automobile was traveling at the time of the accident. Mr. Hale, one of the attorneys for the defendant, objected to this question, saying, ''The charge of wilful misconduct was abandoned, and the charge now against this defendant is one of intoxication'' only. To this objection Mr. Peterson, one of the attorneys for plaintiff, replied, ''We take issue with Mr. Hale. It alleges both wilful misconduct and intoxication.'' The court overruled the objection. It is immaterial that the court remarked, ''These cases to a certain extent have gotten back to the old rule [of] gross negligence.'' It is apparent the parties were definitely informed that the plaintiff did rely on her charge of wilful misconduct.

While the court failed to adopt a specific finding to the effect that the defendant was guilty of wilful misconduct, it did find that the allegations of paragraph III of the amended complaint are true, and that the plaintiff is entitled to judgment. It is therefore apparent that the adoption of more specific findings would have necessarily been adverse to the appellant. A judgment will not be reversed for failure to adopt a particular finding when the record discloses the fact that such omitted finding would necessarily have been adverse to the appellant. (*Hulen* v. *Stuart*, 191 Cal. 562, 572 [217 Pac. 750].)

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1934.