SHAW, P. J.
 

 The defendant appeals from a judgment convicting him of a violation of section 505, subdivision (a) of the Vehicle Code. The evidence produced at the trial is not set forth in the record and defendant’s only contentions here are that section 505 of the Vehicle Code is unconstitutional and that the complaint is insufficient to charge an offense under it. Section 505 reads as follows: “505. Reckless Driving, (a) Any person who drives any vehicle upon a highway in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving and upon conviction thereof shall be punished by imprisonment in the county jail for not less than five days nor more than ninety days or by fine of not less then twenty-five dollars nor more than two hundred fifty dollars or by both such fine and imprisonment, except as provided in subdivision (b) of this section.”
 

 “(b) Whenever such reckless driving of a vehicle proximately causes bodily injury to any person, the person so driving such vehicle shall upon conviction thereof be punished by imprisonment in the county jail for not less than thirty
 
 *Supp. 750
 
 days nor more than six months or by fine of not less than one hundred dollars nor more than five hundred dollars or by both.”
 

 The words defining the offense are “drives any vehicle upon a highway in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property”. Defendant contends that this definition is too vague and indefinite to be the basis of a charge of crime or to constitute due process of law, and that the statute quoted is therefore in violation of the Fourteenth Amendment and void, citing
 
 Herndon
 
 v.
 
 Lowry,
 
 (1937) 301 U. S. 242 [57 Sup. Ct. 732, 81 L. Ed. 1066], and other cases holding that a penal statute, to be valid must prescribe a “reasonably ascertainable standard of guilt”; a rule recognized and followed by the California cases. (See
 
 Hewitt
 
 v.
 
 Board of Medical Examiners,
 
 (1906) 148 Cal. 590 [84 Pac. 39, 113 Am. St. Rep. 315, 7 Ann. Cas. 750] ;
 
 In re Peppers,
 
 (1922) 189 Cal. 682 [209 Pac. 896].)
 

 We conclude that this statute does not come under the ban of this constitutional rule. The principal attack on the certainty of the statute centers around the use of the word “indicate” therein, it being assumed that this word refers to the effect on the mind of a spectator. On this assumption, it is argued that the indications may be as many as the spectators, and may vary according to the opinion of each spectator, and further, that the conduct of the defendant may give different indications according to the point of view of the beholder, so that one having but a partial view of the scene might regard driving as reckless when on a full view it would appear to have been motivated by a high degree of care and caution, and
 
 vice versa.
 
 We regard the fundamental assumption above mentioned as erroneous, and without it, of course, this argument falls. The statute does not declare that the indication to any spectator is to be considered; it merely fails to state to whom the indication is to be made. “A statute cannot be held void for uncertainty if any reasonable and practical construction can be given to its language.”
 
 (Pacific Coast Dairy
 
 v.
 
 Police Court,
 
 (1932) 214 Cal. 668, 676 [8 Pac. (2d) 140, 80 A. L. R. 1217].) “If the terms of a statute are by fair and reasonable interpretation capable of a meaning consistent with the requirements of the Constitution, the statute will be given that meaning, rather than another in conflict with the Constitution.”
 
 (County of Los
 
 
 *Supp. 751
 

 Angeles
 
 v.
 
 Riley,
 
 (1936) 6 Cal. (2d) 625, 629 [59 Pac. (2d) 139, 106 A. L. R. 903].) Such a construction of the statute before us is easily discoverable. Penal statutes like this are enacted to regulate the conduct of those to whom they apply; prosecutions for violation of them are brought before courts and tried by judges or juries. The question whether a defendant has violated the law as charged is always one to be determined from evidence by the judge or jury by whom he is tried. This statute was passed with such a mode of procedure in view. The word “indicate” is defined to mean, ‘‘To point out or to; to direct to a knowledge of; ... to be an index, sign or token of; to betoken,” and among its synonyms are “evidence, evince, manifest”. (Webster’s New International Dict., 2d ed., 1938.) It is used in such a sense in this statute, and its effect is that there must be such evidentiary relation between the manner of driving and the described state of mind—wilful or wanton disregard for the safety of persons or property—that the judge or jury may, under the rules of proof in criminal cases, properly infer the latter from the former. Of course, the intent of the statute is also that the inference shall be drawn, as in every criminal case, from full information of the facts, to be presented to the trier of facts by evidence, not from a mere one-sided or other partial view of them; or, coming closer to the words of the statute, the manner of driving itself, with all its merits or demerits, not merely some persons’ partial view of it, must indicate the conclusion stated. In
 
 People
 
 v.
 
 Steel,
 
 (1939) 35 Cal. App. (2d) (Supp.) 748 [92 Pac. (2d) 815], which we have seen since the foregoing was drafted, a like construction of the word “indicate”, as used in this statute, was adopted, and the statute was upheld against the objection that it was invalid by reason of the use of that word therein.
 

 On this construction, the statute is not subject to the criticism which has been made in argument that it penalizes a mere state of mind. The prohibition and punishment laid down by the statute are directed at a manner of driving, which necessarily includes a series of overt acts, capable of observation and narration by witnesses. The reference to a state of mind is merely for a description of the prohibited acts. The question as to the certainty of the statute, then, comes down to this: does the reference to indication of “a
 
 *Supp. 752
 
 wilful or a wanton disregard for the safety of persons or property”, set up a reasonably certain description of the manner of driving prohibited? We see no reason to doubt that it does. The words “wilful” and “wanton”, as legal terms, have well-established meanings, which do not require particular consideration in this case, no question of insufficiency of the evidence being involved, and the other words of this description are in common use and free from ambiguity or variant meanings. In this respect the statute differs from that condemned by the United States Supreme Court in
 
 Lanzetta
 
 v.
 
 New Jersey,
 
 (1939) 306 U. S. 451 [59 Sup. Ct. 618, 83 L. Ed. 888], to which our attention has been called, for there the word “gang”, used without definition, was the governing word of a statute prescribing punishment for gangsters, and the court held the statute void because this word had a great variety of meanings, some of which pointed to conduct of an entirely innocent nature. Nor is the statute at all like that involved in
 
 Herndon
 
 v.
 
 Lowry, supra,
 
 301 U. S. 242, 263 [57 Sup. Ct. 732, 81 L. Ed. 1066, 1077], on which defendant relies, for there the statute was condemned because, as the court said, it “involves pure speculation as to future trends of thought and action” and “licenses the jury to create its own standard in each case”.
 

 To make a statute sufficiently certain to comply with constitutional requirements it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited. The words of this statute are at least as certain as the statutory language, substantially the same as that now in section 510 of the Vehicle Code, prohibiting driving at a speed “greater than is reasonable and proper” or “at such rate of speed as to endanger the life or limb of any person or the safety of any property” (Stats. 1917, p. 404), which was held sufficiently certain in
 
 Ex parte Daniels,
 
 (1920) 183 Cal. 636, 647 [192 Pac. 442, 21 A. L. R 1172] ; or the statutory phrase “unreasonable waste of natural gas”, upheld on this point in
 
 People
 
 v.
 
 Associated Oil Co.,
 
 (1930) 211 Cal. 93, 108 [294 Pac. 717], and
 
 Bandini Petr. Co.
 
 v.
 
 Superior Court,
 
 (1930) 110 Cal. App. 123, 138 [293 Pac. 899]; s. c. (1931) 284 U. S. 8 [76 L. Ed. 136, 143, 52 Sup. Ct. 303, 78 A. L. R 826, 832]; or the phrase “diligent effort to find the owner thereof and to restore or return the same”, held certain enough for use in a penal statute in
 
 Pacific
 
 
 *Supp. 753
 

 Coast Dairy Co.
 
 v.
 
 Police Court, supra,
 
 (1932) 214 Cal. 668, 676-678; or the terms “due caution and circumspection-” used in the Penal Code, section 192, subdivision 2, in defining manslaughter, which were held sufficiently certain for use without further definition in a jury instruction in
 
 People
 
 v.
 
 Crossan,
 
 (1927) 87 Cal. App. 5, 9 [261 Pac. 531], “The law is full of instances where a man’s fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree.”
 
 (Nash
 
 v.
 
 United States,
 
 (1913) 229 U. S. 373, 377 [33 Sup. Ct. 780, 57 L. Ed. 1232, 1235]. See, also,
 
 Sproles
 
 v.
 
 Binford,
 
 (1932) 286 U. S. 374, 393 [52 Sup. Ct. 581, 76 L. Ed. 1167, 1182],
 
 Martin
 
 v.
 
 United States,
 
 (1938) 100 Fed. (2d) 490, 494,
 
 Glass
 
 v.
 
 Board of Medical Examiners,
 
 (1920) 50 Cal. App. 389 [195 Pac. 73],
 
 People
 
 v.
 
 Lavine,
 
 (1931) 115 Cal. App. 289, 295 [1 Pac. (2d) 496], and
 
 People
 
 v.
 
 Beifuss,
 
 (1937) 22 Cal. App. (2d) (Supp.) 755, 758 [67 Pac. (2d) 411], where legislative enactments were upheld against the objection of uncertainty and the rules affecting this matter were further discussed.)
 

 The complaint here is substantially in the language of the statute, without further specification of particulars except a statement of the date and the city where the alleged offense occurred, and this is attacked as insufficient to charge an offense because too general in its description of defendant’s conduct. But proceedings in municipal courts in criminal cases are, by statutory provision, the same as those in justices’ courts. (Pen. Code, sec. 1461a.) By the terms of section 1426, Penal Code, as amended by Statutes 1931, page 1656, a criminal complaint in a justice’s court “may be in the words of the enactment describing the offense or declaring the matter to be a public offense”. This is a valid provision
 
 (People
 
 v.
 
 Robinson,
 
 (1930) 107 Cal. App. 211, 217, 218 [290 Pac. 470]) and this complaint complies with it. Such a complaint has been approved by the appellate department of the San Francisco superior court in an unpublished decision to which our attention has been called, on the authority of the case last cited and of
 
 Matter of Winston,
 
 (1911) 160 Cal. 18 [116 Pac. 390],
 
 In re Von Perhacs,
 
 (1923) 190 Cal. 364, 367 [212 Pac. 689], and
 
 In re Berto,
 
 (1925) 195 Cal. 774 [235 Pac. 735], With this decision we agree. There are possibly cases where a complaint in the words of the statute would fail to meet the other requirement of section
 
 *Supp. 754
 
 1426 that a complaint must “enable the defendant to understand distinctly the character of the offense complained of”, but if so this is clearly not such a case, and we need not decide Avhat would be the rule therefor.
 

 The judgment is affirmed.
 

 Bishop, J., and Schauer, J., concurred.