SHAW, P. J.
 

 Defendant was charged with the offense of reckless driving and convicted thereof. He appeals from the judgment, contending that the evidence is insufficient .to show his guilt of that offense. With this contention we agree.
 

 Reckless driving is made a misdemeanor by section 505 of the Vehicle Code, which, as amended in 1939, defines that offense as follows, reading only the words outside the brackets: “Any person who drives any vehicle upon a highway in [such a manner as to indicate either a] wilful or [a] wanton»disregard for the safety of persons or property is guilty of reckless driving.” The amendment of 1939 consisted merely in eliminating from the section the words in brackets, which had
 
 *Supp. 837
 
 theretofore been, but are not now, a part of it. Objection had been made to the certainty of the section, as it stood before the amendment, on account of its use of the word “indicate”. While this objection was considered and held untenable, in
 
 People
 
 v.
 
 Smith,
 
 (1939) 36 Cal. App. (2d) (Supp.) 748, 750, 751 [92 Pac. (2d) 1039], and
 
 People
 
 v.
 
 Steel,
 
 (1939) 35 Cal. App. (2d) ($upp.) 748 [92 Pac. (2d) 815], it seems probable that the purpose of the amendment was merely to obviate this objection.
 

 Objection was also made to the section as it stood before the 1939 amendment on the ground that it penalized a mere state of mind. This objection also we considered and held to be without foundation in
 
 People
 
 v.
 
 Smith, supra.
 
 It arises again upon the present form of the statute, which penalizes one who “drives ... in wilful or wanton disregard for the safety of persons or property”. The objection is still untenable. It is still true that, as stated in
 
 People
 
 v.
 
 Smith, supra,
 
 (1939) 36 Cal. App. (2d) 751, “The prohibition and punishment laid down by the statute are directed at a manner of driving, which necessarily includes a series of overt acts, capable of observation and narration by witnesses. The reference to a state of mind is merely for a description of the prohibited acts.” While the intent of the section in this respect is not as clearly stated as before the amendment, such a construction of it is still reasonable and will be adopted rather than another which might make the provision invalid. The statute, so construed, is valid for the reasons stated in
 
 People
 
 v.
 
 Smith, supra.
 

 In this case we are required, as we were not in
 
 People
 
 v.
 
 Smith,
 
 to construe the part of the statute descriptive of the forbidden driving. Its words are, “in wilful or wanton disregard for the safety of persons or property”. The term “wantonness” is thus defined: “Wantonness includes the elements of consciousness of one’s conduct, intent to do or omit the act in question, realization of the probable injury to another, and reckless disregard of consequences.”
 
 (Albers
 
 v.
 
 Shell Oil Co.,
 
 (1930) 104 Cal. App. 733, 750 [286 Pac. 752], quoting from 45 Corpus Juris, 674.) “Where the conduct of defendant exhibits reckless indifference to probable consequences, with knowledge of facts and circumstances likely to result in injury, it becomes wanton negligence.”
 
 (Kramm
 
 v.
 
 Stockton etc. Co.,
 
 (1906) 3 Cal. App. 606, 618 [86 Pac. 738, 903, 904].) The word “wilful” in this connection means “intentional” (68 Cor. Jur. 268;
 
 People
 
 v.
 
 Faber,
 
 (1938) 29
 
 *Supp. 838
 
 Cal. App. (2d) (Supp.) 751, 755 [77 Pac. (2d) 921] ;
 
 Green
 
 v.
 
 Stewart,
 
 (1930) 106 Cal. App. 518, 528 [289 Pac. 940];
 
 Norton
 
 v.
 
 Puter,
 
 (1934) 138 Cal. App. 253, 258 [32 Pac. (2d) 172]; compare Pen. Code, sec. 7, subd. 1.) The intention here referred to relates to the disregard of safety, etc., not merely to the act done in disregard thereof. See
 
 Howard
 
 v.
 
 Howard,
 
 (1933) 132 Cal. App. 124, 129 [22 Pac. (2d) 279], and
 
 Meek
 
 v.
 
 Fowler,
 
 (1935) 3 Cal. (2d) 420, 425 [45 Pac. (2d) 194], discussing “wilful misconduct”.
 

 Consideration of these definitions at once suggests the strong resemblance between the “reckless driving” here in question and the “wilful misconduct” which, under the guest statute (now sec. 403 of the Vehicle Code), renders a driver liable for injuries to his guest. Indeed, many of the judicial definitions of “wilful misconduct”—none is found in the code— use the words “reckless” and “wanton”. (See
 
 Meek
 
 v.
 
 Fowler,
 
 (1935) 3 Cal. (2d) 420, 426 [45 Pac. (2d) 194] ;
 
 Parsons
 
 v.
 
 Fuller,
 
 (1937) 8 Cal. (2d) 463, 468 [66 Pac. (2d) 430];
 
 Porter
 
 v.
 
 Hofman,
 
 (1938) 12 Cal. (2d) 445, 448, [85 Pac. (2d) 447] ;
 
 Norton
 
 v.
 
 Puter,
 
 (1934) 138 Cal. App. 253, 258, 259 [32 Pac. (2d) 172] ;
 
 Rhoads
 
 v.
 
 Studley,
 
 (1936) 15 Cal. App. (2d) 726, 728 [59 Pac. (2d) 1082].) In
 
 Porter
 
 v.
 
 Hofman, supra,
 
 at page 449, wilful misconduct under the guest statute was characterized as “conscious reckless disregard of their [the guests’] safety”, which is substantially the same as the statutory definition of reckless driving; and in
 
 Rhoads
 
 v.
 
 Studley, supra,
 
 it was referred to as, “wanton and reckless disregard of probable injury to the guest”, which does not materially differ from that definition. In
 
 Meek
 
 v.
 
 Fowler, supra,
 
 3 Cal. (2d) 426, the court quoted and approved this language defining “wilful misconduct”: “Wilful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a
 
 probable
 
 (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its
 
 possible
 
 result.” (Emphasis by the court.) In
 
 Parsons
 
 v.
 
 Fuller, supra,
 
 (1937) 8 Cal. (2d) 468, the court, in defining “wilful misconduct”, quoted and approved the following statement as correct: “Wilful misconduct depends upon the facts of a particular case, and necessarily involves deliberate, intentional,
 
 or wanton
 
 conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person,
 
 that
 
 
 *Supp. 839
 

 danger is likely to result therefrom.”
 
 (Emphasis by the court.) This was also quoted and approved in
 
 Porter
 
 v.
 
 Hofman, supra,
 
 (1938) 12 Cal. (2d) 445, 447. In
 
 Norton
 
 v.
 
 Puter, supra,
 
 (1934), 138 Cal. App. 253, 258, 259, the court used, in defining the term “wilful misconduct”, these words from a Massachusetts decision
 
 (In re Burns,
 
 218 Mass. 8 [105 N. E. 601, Ann. Cas. 1916A, 787]) : “the intentional doing of something either with knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its possible consequences”. This use of the quotation was followed with approval in
 
 Parsons
 
 v.
 
 Fuller, supra,
 
 (1937) 8 Cal. (2d) 468, and
 
 Porter
 
 v.
 
 Hofman, supra,
 
 (1938) 12 Cal. (2d) 445, 448. On consideration of all these authorities we find no substantial difference between wilful misconduct and reckless driving, and conclude that they are in truth the same thing, so far as they are concerned with the state of mind of the driver whose conduct is in question, so that the decisions construing the term “wilful misconduct” may be applied to the statutory provision prohibiting “reckless driving”.
 

 These decisions have thoroughly settled the rule that mere negligence, even though gross, is not wilful misconduct.
 
 (Kastel
 
 v.
 
 Stieber,
 
 (1932) 215 Cal. 37, 47 [8 Pac. (2d) 474] ;
 
 Meek v. Fowler, supra,
 
 (1935) 3 Cal. (2d) 420, 426;
 
 Parsons
 
 v.
 
 Fuller, supra,
 
 (1937) 8 Cal. (2d) 463, 468;
 
 McCann
 
 v.
 
 Hoffman,
 
 (1937) 9 Cal. (2d) 279, 281 [70 Pac. (2d) 909] ;
 
 Weber
 
 v.
 
 Pinyan,
 
 (1937) 9 Cal. (2d) 226 [70 Pac. (2d) 183, 112 A. L. R. 407] ;
 
 Porter
 
 v.
 
 Hofman, supra,
 
 (1938) 12 Cal. (2d) 445, 448.) Such negligence also falls short of constituting reckless driving.
 

 The evidence here, viewed in the light most favorable to the judgment, shows nothing more than negligence. The defendant was driving his Ford car southerly on Hill Avenue, in Pasadena, and collided with a Buick car driven by the witness Larson, which had been going in the same direction but had stopped because of its driver’s discovery of a cross street for which he was looking, and had then backed up to enable the driver to turn east into that street, which extended easterly but not westerly from Hill Avenue. According to Larson’s testimony he had stopped for about 12 seconds after his backing and was signaling for a left turn, when the impact occurred. It was stipulated that the west half of the roadway of Hill Avenue was 24 feet wide; and
 
 *Supp. 840
 
 the evidence shows without dispute that before the Larson car backed, it was near the curb, the defendant’s car was near the center line and there was ample room for defendant’s car to pass the Larson car without hitting it. Defendant testified that he first saw the Larson car when it was standing near the curb and he then was driving between 30 and 35 miles per hour and had ample room to pass; that when he was about 40 feet north of the intersection he noticed the car again; that “the next he knew” it had backed directly into his path, and that he “tried to stop but did not have time or room”. There is no evidence tending to show that before defendant tried to stop he saw the Larson car in his path or knew that Larson intended to back, was backing or had backed, nor is there anything to show that the speed at which defendant was driving was illegal.
 

 The most that can be made of these facts is that defendant perhaps failed to keep a proper lookout ahead of him and for that reason failed to see the Larson car back and stop ahead of him. Such failure on his part could be found to constitute negligence, but it does not amount to reckless driving, under the circumstances and the rules above stated. See
 
 Stacey
 
 v.
 
 Hayes,
 
 (1939) 31 Cal. App. (2d) 422, 427, 429 [88 Pac. (2d) 165] ;
 
 Parrett
 
 v.
 
 Carothers,
 
 (1936) 11 Cal. App. (2d) 222, 227 [53 Pac. (2d) 1023] ; both decided under the guest statute and declaring failure to keep a proper lookout not to be misconduct.
 

 The judgment is reversed and a new trial is ordered to be held in the Superior Court of Los Angeles County.
 

 Bishop, J., and Schauer, J., concurred.