### Appellate Department, Superior Court, San Diego

[Crim. A. No. 162213. Jan. 16, 1951.]

THE PEOPLE, Respondent, v. DAVID NESBIT ALLISON, Appellant.

Overton, Lyman, Prince & Vermille and Carl J. Schuck for Appellant.

James Don Keller, District Attorney, Harold P. Curtis and H. D. Cornell, Deputies District Attorney, for Respondent.

THE COURT.—Defendant was convicted in the Justice's Court of Encinitas Township, San Diego County, of reckless driving, contrary to section 505 of the Vehicle Code. The gravamen of the offense is driving upon a public highway "in wilful or wanton disregard for the safety of persons or property."

The record presents several grounds of appeal, but the defendant has waived all grounds except the sufficiency of the evidence to sustain the conviction.

To convict under section 505 of the Vehicle Code, it is necessary that the trier of fact be convinced by the evidence beyond a reasonable doubt and to a moral certainty that the defendant in the management of his automobile at the time and place in question intentionally did something with knowledge that injury to another was probable or acted with a wanton and reckless disregard for the safety of others and in reckless disregard of the consequences of his acts.

We have reviewed many cases of our appellate tribunals construing the language of section 505 of the Vehicle Code under varying circumstances. These definitions are collected and well summarized in the case of *People* v. *McNutt,* 40 Cal.App.2d Supp. 835 [105 P.2d 657]. In that case the court observed that the statute did not penalize a state of mind

but penalized conduct indicating a state of mind that was wilful and was indicative of wanton disregard for the safety of persons or property. In seeking an objective test that could be applied to the conduct in question, the court decided that reckless driving was conduct such as would indicate consciousness of the results with intent to omit or do an act, realizing the probable injury to another; or acting in reckless disregard of the consequences; or conduct exhibiting reckless indifference as to the probable consequences with knowledge of likely resulting injury.

Considering this definition, the court concluded that "reckless driving" and "wilful misconduct," which under the guest statute (Veh. Code, § 403) rendered a driver liable for injuries to his guest, were very similar. At page 839 the court says:

"On consideration of all these authorities we find no substantial difference between wilful misconduct and reckless driving, and conclude that they are in truth the same thing, so far as they are concerned with the state of mind of the driver whose conduct is in question, so that the decisions construing the term 'wilful misconduct' may be applied to the statutory provision prohibiting 'reckless driving'."

The decision in *People* v. *McNutt, supra,* has been cited and followed on many occasions, and was approved by the Supreme Court in *People* v. *Young,* 20 Cal.2d 832 [129 P.2d 353], in which the court came to the same conclusions in defining the language of section 500 of the Vehicle Code (negligent homicide) as it existed at that time.

"Reckless disregard of the safety of others appearing in section 500 is doing an act while recklessly ignoring the safety of others. It is thus equivalent to, quoting from the definition, the 'intentional doing of an act with wanton and reckless disregard of its possible result.' Wilful indifference to the safety of others, is an intentional lack of regard concerning the safety of others, or 'an intentional doing of something with knowledge that serious injury is a probable result.' With particular reference to a reckless disregard for the safety of others it is worthy of note that reckless driving is defined as driving a car 'in . . . wilful or wanton disregard for the safety of persons.' (Veh. Code, sec. 505.) And in a well reasoned decision by the superior court sitting as an appellate tribunal in *People* v. *McNutt,* 40 Cal.App.2d Supp. 835 [105 P.2d 657], the court concluded that reckless driving and wilful misconduct as specified by the Vehicle Code were the same.

(See, also, *People* v. *Thompson,* 41 Cal.App.2d Supp. 965 [108 P.2d 105]; *People* v. *Nowell,* 45 Cal.App.2d Supp. 811 [114 P.2d 81].) While it is true that with reference to the disregard for the safety of others in defining reckless driving, the character of the disregard is described as 'wilful or wanton' rather than 'reckless' as appears in section 500, there is no substantial difference.'' (*People* v. *Young,* 20 Cal.2d 832, 837 [129 P.2d 353].)

This court in *People* v. *Thompson, supra,* adopted the reasoning of the court in *People* v. *McNutt* in reversing a conviction for reckless driving.

▇ It is of course thoroughly settled that negligence, even though it be gross negligence, is not wilful misconduct and does not amount to reckless driving. (*Meek* v. *Fowler,* 3 Cal.2d 420 [45 P.2d 194]; *McCann* v. *Hoffman,* 9 Cal.2d 279 [70 P.2d 909]; *Porter* v. *Hofman,* 12 Cal.2d 445 [85 P.2d 447].)

Plaintiff is in accord with the construction placed upon the language of section 505 of the Vehicle Code by the cited cases, but contends that the evidence in this case was sufficient to establish beyond a reasonable doubt to a moral certainty that the defendant drove his automobile in wilful or wanton disregard for the safety of the complaining witness and his children.

Viewing the evidence here most favorable to the judgment, we believe it is insufficient to sustain the conviction.

The complaining witness, intending to take his children to the beach at Del Mar, had taken one child across the highway, leaving the other, and after having crossed the highway noticed the defendant driving toward him. When he saw the defendant approaching he waved his fishing pole back and forth to attract defendant's attention. The defendant did not slacken speed but continued to approach, and when approximately opposite the complaining witness, the complaining witness shouted at him and shook his fist. The defendant then slackened his speed, went about 300 feet to the end of the block, made a ''U'' turn and drove back toward the complaining witness. He stopped at the place where the complaining witness was standing. The complaining witness jumped away from the front of the defendant's car because he thought he was going to be hit, and thereupon swung his fishing pole at the defendant, hit the car and broke the pole. The defendant then suddenly put his car in reverse, left 10 feet of skid marks and stripped the reverse

gear in his haste to depart from the scene. An independent witness testified that he saw defendant almost hit the complaining witness, and upon being asked by the court whether in his opinion the defendant would have hit the complaining witness, he answered that he might have but that the complaining witness was extremely excited and did not know what he was doing at the time.

Other evidence indicated that defendant was driving slowly upon his return toward the complaining witness and was driving at a moderate speed when he first passed the complaining witness.

In applying the test of reckless driving as defined in cases to the defendant's conduct in this case, we find that his conduct does not amount to reckless driving nor does it amount to wilful misconduct. At most the defendant can be said to have been negligent, possibly grossly negligent, but there is no evidence that he wilfully and wantonly disregarded the safety of the complaining witness or that he acted with conscious and reckless disregard for the safety of the complaining witness or his children, or that his conduct indicates a wanton and reckless disregard of probable (as distinguished from possible) injury to the complaining witness.

The testimony of the complaining witness that he jumped from the front of the defendant's car because he thought the defendant was going to hit him is insufficient to sustain the conviction when considered in the light of the circumstances and the state of mind of the complaining witness himself and his conduct both preceding and after the event complained of.

Considering all of the evidence in the record, we cannot find that defendant's conduct amounted to reckless driving under the circumstances and rules above stated. Judgment is reversed and a new trial is ordered in the Superior Court of San Diego County.