**THE PEOPLE OF THE TERRITORY OF GUAM, Appellee**

v.

**HENRY W. SANTOS, Appellant**

Criminal No. 35-A

District Court of Guam

Appellate Division

February 9, 1967

| | |
|---|---|
| *Counsel for Appellee:* | JOHN P. RAKER, *Island Attorney* |
| *Counsel for Appellant:* | BARRETT, FERENZ & TRAPP |

Before SHRIVER, *Judge*, District Court of Guam; FURBER, *Chief Justice*, High Court of the Trust Territory of the Pacific Islands; DUENAS, *Judge*, Island Court of Guam

SHRIVER, *Judge*

OPINION

The appellant, Henry W. Santos, hereafter called the defendant, was charged in the Island Court of Guam with

the offenses of operating a motor vehicle under the influence of intoxicating liquor in violation of § 23405(a) of the Government Code of Guam, and reckless driving, causing bodily injury to a person, in violation of § 23407(a) and (b) of such Code. He was acquitted of the charge of driving under the influence of intoxicating liquor and found guilty of the charge of reckless driving, causing a bodily injury. As the penalty imposed by the court was well within the limits for reckless driving, regardless of bodily injury, we consider only the reckless driving aspects. The defendant contends on appeal that the evidence did not support the conviction. We review the evidence upon which the trial court could have relied to support the conviction. As we are convinced that such evidence was sufficient we affirm.

Before the accident the defendant had been drinking. The doctor who examined him at Guam Memorial Hospital after the accident was prevented from making a thorough examination because the defendant became violent, but the doctor testified that he noticed the smell of alcohol very strong (Tr. p. 2). The police officer who investigated the accident testified that the defendant had alcohol on his breath and the police officer ordered a sobriety examination (Tr. p. 21).

■ While the mere act of driving while under the influence of intoxicating liquor is not in itself a sufficient predicate for a conviction of reckless driving the fact that one charged with reckless driving had been drinking is a factor to be considered in determining his guilt, and evidence of such drinking is generally recognized as being admissible in a prosecution for reckless driving. 7 Am.Jur.2d 879.

The defendant and his passenger had attended some racing at Harmon Air Strip when it started to rain and the defendant drove onto the highway, was in the middle lane and "I just miss the car was beside me when I pass him and went inside the first lane" (Defendant's testimony,

Tr. p. 30). The car the defendant just missed was apparently being driven by People's witness Blas who testified that he was traveling in a solid-line lane which extended for some distance when he was passed by the defendant. A solid line on this three-lane highway means that traffic must travel in the lane to the right of the solid line, leaving the other two lanes for traffic from the opposite direction and for passing in the middle lane when so marked. Before he reached the Cycle Center in Tamuning the defendant skidded but did not hit anybody (Tr. p. 13). He skidded to the other side of the road on the shoulder. The witness continued his driving when he saw the defendant coming again. The witness passed three cars in front of him to get away from the defendant. The defendant also passed these cars, skidded in the middle lane and hit another car that was waiting to make a left-hand turn (Tr. p. 14). When the defendant first passed the witness he was going 50, 60 miles an hour in a 45-mile zone (Tr. p. 15). The car waiting to turn had been there for about three minutes. After the accident the defendant appeared to be boxing an invisible opponent in his car (Tr. p. 9). The defendant and his passenger were taken to the hospital in an ambulance when the events previously mentioned took place. The defendant was given sedation and, no injuries being found, he was taken to the police station. At the police station the defendant had difficulty speaking and "Mr. Santos was crawling up to his wife and was groaning and under the alcohol beverage, coming from his breath to strong alcohol" (Tr. p. 21).

From the totality of the evidence, then, the trial court could find (1) the defendant had been drinking; (2) he passed and just missed another car while going above the speed limit on a wet highway, crossing a solid line in the process; (3) some distance farther on went into a skid to the other side of the highway; (4) did not enter the right

401

traffic lane but continued in the center lane while passing other automobiles; (5) could not control his car and went into another skid into the right rear of a car waiting to turn, a car that had been there for some time; (6) subsequent actions consistent with an effort to avoid a sobriety test.

Section 23407 of the Government Code of Guam provides that a defendant to be guilty of reckless driving must drive a vehicle in wilful or wanton disregard for the safety of persons or property. We are cited to a number of California decisions by the defendant and the People in connection with the construction of these words. This opinion would be unnecessarily long if we attempted to discuss the various distinctions involved in terms of the large number of decisions. As the defendant has relied upon the following case in support of his position, we quote from it as controlling here.

While, however, for the reasons stated, the contentions embraced in the defendant's first three specifications of error appear to us to be without substance, it is otherwise with the fourth specification, namely, that the evidence is insufficient to sustain the judgment. There is no dispute that passengers in the defendant's car were injured in the accident under investigation. We do not doubt that the defendant's conduct in weaving back and forth while on a grade, from one traffic lane to the other, taken together with the physical facts disclosed in the evidence, particularly the appearance and length of the skid marks on the road, and the place where his automobile came to rest, made out a prima facie case of negligence and possibly of gross negligence on his part. It was open to the defendant, of course, to show that what happened was attributable to mechanical defects in his automobile or other circumstances beyond his control. The explanation which he attempted was met by other testimony which produced a conflict. This conflict the trial court resolved against the defendant. We must, therefore, for the purpose of the present decision, assume that he was guilty of negligence, and may for the sake of the argument assume that it amounted to gross negligence. This, however, is not enough

to warrant conviction of the violation of § 505(b) of the Vehicle Code. It was held in the recent case of *People v. McNutt,* Cal. Super., 105 P.2d 657, that there is no substantial difference between "wilful misconduct", as used in § 403 of the Vehicle Code, which renders a driver liable for injuries to his guest, and "reckless driving" as defined in § 505 of said Code and that decisions construing the term "wilful misconduct" may be applied to the statutory provision prohibiting "reckless driving"; and that negligence, even though gross, is not "wilful misconduct" and falls short of constituting "reckless driving." Without elaborating upon the comprehensive discussion in the opinion in that case, we content ourselves with saying that we agree with the views there expressed.

In the instant case there is nothing to show that the defendant was guilty of "deliberate, intentional, or wanton conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person, that danger" was "likely to result therefrom" which is the test of the existence or nonexistence of "wilful misconduct" as laid down in *Parsons v. Fuller,* 8 Cal.2d 463, 468, 66 P.2d 430, 432. In these circumstances he was not shown to be guilty of "reckless driving." *People v. Thompson,* 41 Cal. App. 2d Supp. 965, 108 P.2d 105, 107 (App. Dept. S.Ct. 1940).

■ We hold that when a drinking and speeding defendant on a wet highway has faced one skid which threw his car in front of any traffic coming from the opposite direction, who then continues the same driving pattern until another skid forced his vehicle into collision with a standing car waiting to make a left turn, certainly had knowledge or appreciation of the fact on his part that danger was likely to result therefrom and that he drove his vehicle upon a highway in wilful or wanton disregard for the safety of persons or property. Affirmed.