## STATE v. WILLIAMS.
### No. 77-1423-TT-A04.
County Court, Palm Beach County, Traffic Infraction Division.

June 7, 1977.

Timothy Hmielewski, Office of the State Attorney, for the state.

DANIEL T. K. HURLEY, County Court Judge.

Otis S. Williams, the alleged offender in this case, is in the swimming pool cleaning business. On January 6, 1977, he was driving his jeep to a job in Boca Raton when it ran out of gas. He went to a service station, obtained a small quantity of gas and put it into the vehicle. He testified that he then ". . . pumped the accelerator to get it started and just as I got the car started, a big ball of smoke came out." As he pulled into a nearby service station to return the gas can, he was approached by Officer Mayer of the Boca Raton Police Department who issued him a traffic citation for violating Florida Statute 316.272(2), which provides that —

> "The engine and power mechanism of every motor vehicle shall be so equipped and adjusted as to prevent the escape of excessive fumes or smoke."

Mr. Williams entered a plea of not guilty and the matter came on for hearing. The thrust of his defense was that the facts set forth above should not constitute a traffic offense. He indicated that he thought the officer was coming to his aid and was utterly amazed when she issued a citation. In that Mr. Williams was not represented by counsel, the court interpreted his defense as a motion to dismiss because the statute is void for vagueness.

In upholding the constitutionality of a traffic speed statute (not driving at a speed greater than is reasonable and prudent under

existing conditions), the Florida Supreme Court in *Smith v. State,* 237 So.2d 139 (1970), quoted with approval the following language from *People v. Smith,* 36 Cal.App.Supp.2d 748, 92 P.2d 1039 (1939) —

> "To make a statute sufficiently certain to comply with constitutional requirements, it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited."

The Florida court went on to say —

> "There are many actions of motorists in the operation of motor vehicles that may be expressly described and forbidden by the legislature, such as speed limits in various areas and under varying conditions, parking regulations, adequate lights, brakes, and matters of that kind; but the lawmakers cannot anticipate or provide for every eventulity that might arise in the operation of a motor vehicle on the public highways that might endanger life and property."

The question then is "whether the language of the statute conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice." *Zachary v. State,* 269 So.2d 669 (Fla. 1972); *Erwin v. State,* 262 So.2d 677 (Fla. 1972); *Newman v. Carson,* 280 So.2d 426 (Fla. 1973); *State v. Lindsay,* 284 So.2d 377 (Fla. 1973); *Steffens v. State,* 343 So.2d 90 (Fla. 3d DCA 1977). The notion that persons have a right to fair warning of that conduct which will give rise to criminal or civil penalties is fundamental to our concept of constitutional liberty. See *United States v. Harriss,* 347 U.S. 612, 617 (1954); *Marks v. United States,* ........ U.S. ........ (No. 75-758, decided March 1, 1977).

Applying the above standards, I conclude that subsection 2 (pursuant to *State v. Williams,* 343 So.2d 35 (Fla. 1977) — this holding is explicitly limited to subsection 2), of Florida Statute 316.272 is unconstitutional and void for vagueness. Unlike the statute in *Smith,* supra, it does not contain a built-in standard of reasonableness. Nor does it make allowance for momentary malfunctions as opposed to a continuing condition. Indeed subsection 2 seems to be a legislative afterthought — its deficiency is made glaringly apparent when it is contrasted with subsection 1 which regulates noise by allowing for the establishment of acceptable decibel levels.

Accordingly, it is ordered and adjudged that Florida Statute 316.272(2) is found to be unconstitutional and void for vagueness and it is further ordered and adjudged that for the foregoing reason the charge against Otis S. Williams is dismissed.