46 So.2d 215

**CORNELISON v. LOGAN.**

**6 Div. 975.**

Supreme Court of Alabama.

May 11, 1950.

Hollis B. Parrish, Jr., and Geo. W. Yancey, of Birmingham, for appellant.

Francis H. Hare and Nicholas S. Hare, of Birmingham, for appellee.

**SIMPSON, Justice.**

Oneda Logan recovered a judgment for personal injuries against Otis S. Cornelison on a single count alleging wanton conduct in the operation of a motor vehicle in which she was riding as a passenger, and he has appealed.

The appeal asserts two propositions as error: (1) the refusal to the defendant of the general affirmative charge, and (2) the denial of the motion for a new trial. On a careful scrutiny of the record, the court is of the opinion that neither insistence can be sustained.

The plaintiff, Miss Logan, was a guest passenger when she was being escorted to her home by the defendant in his truck-tractor about 11:30 p. m., July 19, 1946. It was a dark night and the defendant admitted he had no view of the road ahead without lights. His headlights were defective and had previously gone out twice the same night, but had "flickered" back on. He was driving his truck about thirty-five miles an hour downgrade, or "faster immediately before the accident," when the lights again went out. He was not familiar with the road, didn't know where the turn-off from the highway was located, but continued to drive in the dark and attempted to make the turn without lights· and applied no brakes until he realized he was leaving the road. He collided with a telephone or light pole, ran into the Republic Commissary, about forty feet from the road, and finally came to a stop. The plaintiff suffered serious injuries. There is some dispute in the evidence as to the distance travelled after the lights went out. Just before the accident the plaintiff had warned the defendant to watch for the turn-off to his right. The top of the hill to the intersection where the defendant attempted to turn off the highway was almost a couple of blocks, and there is some evidence that the defendant drove about half the distance, or nearly a block, in the dark after the lights went out. He knew the road was crooked and that there was an intersection or turn-off ahead, but he was not familiar with the exact location. Yet he continued to drive on in the dark and attempted to make this sharp turn-off road.

Our view is that this evidence justified the refusal of the affirmative charge and the overruling of the motion for a new trial. A strong and substantial inference may be drawn against the defendant to support the charge of wantonness, and we think the jury had a right to conclude against him on that issue.

On the question of the propriety of the affirmative charge, we, of course, review the tendencies of the evidence in the most favorable light toward the plaintiff, and this without any regard to the view which we may have as to its weight, and allow such reasonable inferences as the jury was free to draw, not those which we think to have been the more probable. Duke v. Gaines, 224 Ala. 519, 140 So. 600;

620

Capitol Motor Lines v. Billingslea, 246 Ala. 501, 21 So.2d 240, 157 A.L.R. 1207.

The defendant knew of the dangerous circumstances under which he was driving; namely, a narrow winding road, a steep downgrade, a dark night without any visibility, and defective condition of his lights. With full knowledge of these conditions, he consciously and intentionally continued to drive his truck at a speed of approximately thirty-five miles per hour or more after his lights went out, for a distance of at least 100 or 150 feet (or a half-block or more), without applying brakes or attempting to slow down, even though he was aware of such dangerous situation and was unfamiliar with the road ahead, and even though the plaintiff had cautioned him about the turn-off to the right.

 The governing rule is well understood. Wanton injury is injury produced by a conscious and intentional wrongful act, or the omission of a known duty with reckless indifference to the consequences. So if the defendant with knowledge that the plaintiff or some person so situated would be subject to danger of being injured as a probable consequence of his conduct, and with reckless disregard of such consequences he pursued that conduct which proximately caused the injury complained of, he would be guilty of wantonness. Dean v. Adams, 249 Ala. 319, 30 So.2d 903, and cases cited; Duke v. Gaines, supra.

Our view is that the record manifests a typical case of wanton injury, or at least it was open to the jury to draw such an inference, of consequence of which the affirmative charge and the motion for a new trial were well refused.

In addition to the cases, supra, the following may be cited as sustentive: Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So. 2d 505; First National Bank of Dothan v. Sanders, 227 Ala. 313, 149 So. 848; Simon v. Goodman, 244 Ala. 422, 13 So.2d 679; Lambert v. Birmingham Electric Co., 244 Ala. 333, 13 So.2d 579; Birmingham R. L. & P. Co. v. Jung, 161 Ala. 461, 475, 49 So. 434, 18 Ann.Cas. 557; Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165; Dozier v. Woods, 190 Ala. 279, 67 So. 283;

Daniel v. Motes, 228 Ala. 454, 153 So. 727, 728; Couch v. Hutcherson, 243 Ala. 47, 8 So.2d 580, 141 A.L.R. 697; Seitz v. Heep, 243 Ala. 372, 10 So.2d 148; Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13, 15; Birmingham Ice & Cold Storage Co. v. McFarling, 240 Ala. 479, 200 So. 110; Norton v. Puter, 138 Cal.App. 253, 32 P.2d 172; Smith v. Central of Ga. Ry. Co., 165 Ala. 407, 51 So. 792; Walker v. Bacon, 132 Cal.App. 625, 23 P.2d 520; Peterson v. Peterson, 20 Cal.App.2d 680, 67 P.2d 759; Meek v. Fowler, 3 Cal.2d 420, 45 P.2d 194, 197; Turner v. Standard Oil Co., 134 Cal. App. 622, 626, 25 P.2d 988, 990; Goss v. Overton, 266 Mich. 62, 253 N.W. 217.

Affirmed.

FOSTER, LIVINGSTON, and STAKELY, JJ., concur.