51 So.2d 554

**FARMERS CO-OP. WAREHOUSE ASS'N v. SHIKLES.**

**6 Div. 97.**

Court of Appeals of Alabama.

March 6, 1951.

Rehearing Denied March 27, 1951.

Bland & Bland, of Cullman, and S. A. Lynne, of Decatur, for appellant.

A. L. Sapp, of Cullman, for appellee.

CARR, Presiding Judge.

This is a suit for damages for the alleged conversion of two bales of cotton. The verdict of the jury and the judgment thereon were in favor of the plaintiff and against the defendant, Farmers Cooperative Warehouse Association.

It appears from the evidence without dispute that Rubbon Chandler and his father, K. H. Chandler, executed a mortgage to Mr. Shikles, the plaintiff below. The two bales of cotton of concern were conveyed to secure the indebtedness evidenced by the mortgage. The instrument was duly recorded.

The factual issue of critical concern is whether or not the appellant bought the cotton from Rubbon Chandler.

Rubbon did not testify at the trial. Apparently he had left the State. His father appeared as a witness for the plaintiff, and his testimony with reference to the sale of the two bales of cotton is (we omit the objections to the questions and rulings of the court):

"Q. Tell the jury what happened on October 23rd about that ticket,—how come you with it? A. Well, he (Rubbon Chandler) sold the cotton—picked it and sold it.

"Q. Where did he sell it? A. Down here at the warehouse.

"Q. Who bought it,—who graded it? Who graded the cotton? A. They had two cotton buyers on the yard, but I couldn't tell you what their names were.

"Q. Would you know them if you would see them? A. I think I would.

"Q. How about that fellow, Mr. Powell? A. I have saw Mr. Powell, but he wasn't on the yard. He was inside the building.

"Q. Tell the jury who did it. A. Those two young fellows graded the cotton, and I took the ticket inside and got a check for it,—the boy did, but I was with the boy when he done it.

"Q. Did you see Mr. Powell around there? A. Yes.

"Q. He didn't have nothing to say about this cotton? A. No; I didn't say nothing to him and he didn't say anything to me. The boy out there graded the cotton and I took the ticket in there and the girl in there filled the check out.

"Q. Who was the check signed by? A. I don't remember how the check was signed, whether it was Mr. Powell's name or the name of the warehouse.

"Q. Are those the two tickets you got there at that time, on that occasion? A. Yes, sir."

Then follows a copy of the indicated ticket, which was introduced as plaintiff's Exhibit "B":

"Original

Farmers Cooperative Warehouse Association, Agent          No. 5384

Cotton Account

Cullman, Ala.     10–23   1947

Delivered by Rubbon Chandler

Vinemont Rt. 2                    1 Bales Cotton

| Private Mark | Weight | Price | Amount |
|---|---|---|---|
| I. T. H. 973 Chg. | 460 | 33½ | 154.10 |

Gin Cotton

Gross Amount                                         $154.10

| Deductions | Amount |
|---|---|
| Ginning, Bag and Ties | 6.50 |

Net Amount                                           $147.60"

Immediately following is a copy of the other ticket as plaintiff's Exhibit "C". It is a duplicate of the above, except as to date, weight, price, and gross amount.

The daughter of the ginner testified that the appellant paid the charge for ginning the two bales in question. The stated amounts were $6.50 for each bale.

■ The insistence is made that the two exhibits were improperly allowed in evidence. Counsel overlooks the fact that he posed only the general grounds to his objection to their introduction. On this account his argument in brief is based on principles of law which must be deemed waived. Alford v. Darnell, 252 Ala. 565, 42 So.2d 260.

■ "If only a general objection is interposed, or only general grounds are assigned in support of an objection, no error results in overruling such objection unless the evidence sought is illegal for any purpose and cannot be made legal by other evidence, or by otherwise framing the question." Head v. State, Ala.App., 44 So.2d 441, 445.

The exhibits in question were not manifestly illegal and irrelevant; therefore the court will not be put in error for overruling the general objections. Johnston v. Isley, 240 Ala. 217, 198 So. 348; Burgin v. Stewart, 216 Ala. 663, 114 So. 182.

It is cogently urged that the defendant was due the general affirmative charge. This insistence is based primarily on the position that if the evidence discloses the cotton was purchased at the appellant's plant, it is not sufficiently established that the purchaser was acting as the authorized agent of the appellant.

To assure a full and fair review of this question, we have hereinabove set out in detail the salient facts which bear directly on this insistence.

■ The appellee introduced in evidence the interrogatories propounded to the appellant and N. F. Powell, and the answers thereto. The evidence in this form is to the effect that Mr. Powell was not the agent of the appellant; that the appellant was not engaged in the business of buying cotton and did not, in fact, buy the two bales in question.

The insistence is made that by introducing this evidence the appellee became bound by the facts therein stated and this should serve to remove all doubt of the right of appellant to the general affirmative charge.

The application of this rule did not preclude the appellee from tendering evidence which was at variance with the testimony contained in the interrogatories. Upson v. Raiford, 29 Ala. 188, Childers v. Holmes, 207 Ala. 382, 92 So. 615.

■ This right when exercised may give rise to a conflict in the evidence. In such a case the factual issues must be addressed to the determination of the jury.

■ "In considering the propriety of the affirmative charge, we review the tendencies of the evidence most favorable to plaintiff, regardless of any view we may have as to the weight of evidence; and must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more probable." Duke v. Gaines, 224 Ala. 519, 140 So. 600, 601.

See also, Cornelison v. Logan, 253 Ala. 618, 46 So.2d 215; Casino Restaurant, Inc., v. McWhorter, ante, p. 332, 46 So.2d 582; Henley v. Lollar, ante p. 182, 44 So.2d 791.

The rules relating to the propriety of giving and refusing the general affirmative charge have been frequently pronounced in the historical course of judicial decisions.

In the case of McMillan v. Aiken, 205 Ala. 35, 88 So. 135, Justice Thomas, writing for the Supreme Court, went to great care to discuss this doctrine. He supported his review by the citation of *many* authorities. A consideration and study of this opinion will lead to all the law which is necessary for us to cite.

We think that the recited facts in the instant case are illustrative of the propriety of the lower court in refusing the affirmative charge.

It is to be noted that according to the testimony of Mr. Chandler the cotton was sold at the appellant's plant or place of business. The checks in payment thereof were also issued there. The tickets bear evidence that the appellant bought and paid for the cotton. Without dispute in the proof the

appellant paid for ginning the two bales. This is also disclosed on the tickets.

These facts together with all the circumstances posed a question for the jury as to whether or ,not the appellant, through its authorized agent, purchased the two bales of cotton.

▮ We have responded to all the assignments of error which are sufficiently supported by argument in brief of appellant's attorney. Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604; Etheredge v. Tennessee Valley Bank, 20 Ala.App. 573, 104 So. 288; Powell v. Bingham, 29 Ala.App. 248, 196 So. 154.

The judgment of the court below is ordered affirmed.

Affirmed.

### On Rehearing.

In our original opinion we held that proper objections were not ·interposed to the introduction of two exhibits.

▮ On application for rehearing counsel insists that we should apply this rule: "A sufficient objection, *made and overruled,* need not be repeated when similar evidence is afterward received." (Emphasis ours.) ·23 C.J.S., Criminal Law, § 1065, page 491.

During the examination of the plaintiff below effort was made to introduce the exhibits. Counsel for the appellant objected on these grounds: "I object to the introduction of whatever it is there; it doesn't show to be authentic, when it was issued, or where; and doesn't show anything about from whom it was received, or where it came from, or anything of the kind."

The court sustained the objections.

Subsequently during the progress of the trial, while Mr. King ·Chandler was being examined, appellee again tendered the exhibits in evidence. At this time appellant interposed only this objection: "We object to the introduction of the tickets." The court overruled the objections and an exception was reserved.

It is evincingly clear that under these circumstances the quoted rule has no application. Neither are the holdings in Connelly v. State, 30 Ala.App. 91, 1 So.2d 606, and Nobles v. State, 30 Ala.App. 434, 7 So. 2d 770, based on factual analogy.

The application for rehearing is overruled.