231 So.2d 759

Charles E. SMITH and Winston Earl Smith as Co-executors Under the Last Will and Testament of John E. Smith, Deceased

v.

Catherine CLEMENTS.

1 Div. 14.

Court of Civil Appeals of Alabama.

Feb. 11, 1970.

J. Connor Owens, Jr., Bay Minette, for appellants.

Kenneth Cooper, Bay Minette, for appellee.

WRIGHT, Judge.

This matter arose out of a suit in detinue filed by the co-executors of the estate of John D. Smith against appellee, Catherine Clements. Prior, or during trial by jury, all items of property originally included in the suit were struck by plaintiffs, except a 1966 Plymouth Station Wagon. Defendant executed a replevin bond and kept possession of the vehicle. Demurrer was filed. No ruling appears of record. An instrument headed "ANSWER" was filed by defendant saying,

"1. Not guilty.

"2. General issue."

This was in fact, plea rather than answer. The instrument further averred that the automobile claimed by plaintiffs was the property of defendant, having been given to her by her brother, John Ed Smith, prior to his death, and that it had been in her control since the time of the gift.

With issue joined, trial began. In brief, the evidence of plaintiffs, appellants here, was that the testator, John Ed Smith, purchased the automobile some three months prior to his death. A check for the purchase signed by the deceased was introduced, together with a bill of sale made out to deceased. Properly certified copies of the will and letters testamentary issued to plaintiffs were accepted in evidence. Testimony as to alternate value of the vehicle was presented, and plaintiffs rested.

Appellee's evidence was to the effect that shortly after purchase of the station wagon, the deceased became unable to drive, and that defendant was given possession of the car. She used it to drive the deceased and run errands for him. That shortly before his death, deceased gave her the second set of keys, and made the statement that he would not be able to drive any more, and that he wanted defendant to have the station wagon if anything happened to him. There were several witnesses who testified to having heard this, and similar statements by the deceased, John Ed Smith.

Mr. Smith died on June 29, 1969. Plaintiffs are his sons, and defendant his sister.

When plaintiffs and defendant rested the following occurred:

"THE COURT: Give me the general charge and we will find (sic) this up.

"MR. OWENS: May it please the Court * * *

"THE COURT: I am going to give the general charge to the jury; a man has a right to give property away and if you bring people in here that says that he gave it to her, there is nothing anybody could do but give it to her—

"MR. OWENS: I take exception to the Court's statement.

"ORAL CHARGE OF THE COURT:

"LADIES AND GENTLEMEN OF THE JURY: I am giving you what is known as the General Charge which states: If you believe the evidence in this case your verdict must be for the defendant in this case, or that you can not find for the Plaintiff. The law is very clear; if it were real estate it is different, but personal property you can make a gift by handing it to a person; you don't have to sign a bill of sale. She could not testify that her brother gave her something with him dead, because the law says that a person interested in a transaction can't testify to a transaction with a dead man, but when she brought witnesses that said this man gave her the car, if you believe them there is nothing you can do but find for her.

"MR. OWEN: I would like to except to that part of the charge—

"THE COURT: Except to the whole thing.

"MR. OWENS: I don't know whether that is good or not.

"THE COURT: I think that when I give this you are protected if I am wrong; there is no need of wasting time when I know what I am going to do.

"THE COURT: Give me the Complaint —I will read this charge to you: The Court charges you gentlemen of the jury if you believe the evidence in this case you must find for the defendant, Catherine Clements. When the Clerk gets back with the complaint, if you agree with me, let one of your number write on the back of the Complaint: We the jury find for the defendant, and sign it as foreman."

The record indicates that after the above action and remarks by the court, a verdict was returned for defendant. The case was not argued by counsel, nor were any further instructions, written or oral, given by the court.

This appeal is brought upon 3 assignments of error. 1. That the trial court erred in giving the affirmative charge with hypothesis in favor of defendant. 2. That the trial court erred in refusing to give the written requested affirmative

charge with hypothesis in favor of plaintiff for the property sued for. 3. That the trial court erred in refusing to give the written requested affirmative charge with hypothesis in favor of plaintiffs for the automobile and its alternate value.

We shall first dispose of Assignments of Error 2 and 3.

It is clear from the record that plaintiffs in this case were not entitled to have given the affirmative charge. "Where an affirmative charge is refused and party requesting the charge appeals, the entire evidence is viewed in light most favorable to the opposite party and where reasonable inferences may be drawn adverse to party who requested the charge, action of the trial court in refusing the charge must be affirmed." Adams v. Queen Ins. Co. of America, 264 Ala. 572, 88 So.2d 331; Ala. Power Co. v. Scholz, 283 Ala. 232, 215 So. 2d 447; Lankford v. Mong, 283 Ala. 24, 214 So.2d 301.

■ There is no question that the evidence in this case raised inferences from which a jury could reasonably find that the deceased had made a gift, inter vivos, or causa mortis, of the station wagon to defendant. There was no error in the trial court's refusal to give the written requested charges at the request of appellant as indicated by Assignments of Error 2 and 3.

We come now to Assignment of Error 1. In this instance, the appellant complains of the trial court's doing for the defendant what it refused to do for the plaintiffs, that is, give the affirmative charge with hypothesis.

Under the pleadings, as heretofore recited, the issue before the court was as to the superior title or right to possession of the property sued for, as between the parties. The plaintiffs introduced evidence as to their right to bring the action as legal representatives of the estate of the deceased. There was evidence of legal title into the deceased. Evidence of a gift inter vivos, or gift causa mortis, was presented by defendant.

■ It is the rule in this state that on reviewing the propriety of the affirmative charge for the defendant, we review the tendencies of the evidence in the light most favorable to plaintiff, and allow such reasonable inferences as the jury was free to draw. Cornelison v. Logan, 253 Ala. 618, 46 So.2d 215, 21 A.L.R.2d 206; Wojciechowski v. L. & N. R. Co., 277 Ala. 528, 173 So.2d 72; Scott v. Southern Coach & Body Co., 280 Ala. 670, 197 So.2d 775.

In this case, the evidence of the plaintiffs was more than sufficient to carry the burden of establishing a prima facie right to recover under the complaint. Under her plea and answer, the burden was upon the defendant to prove to the reasonable satisfaction of the jury that the deceased had given her the automobile.

In reviewing the evidence offered by the appellee in proof of her claim, its tendencies, and inferences arising therefrom, in a light most favorable to the plaintiffs, we cannot say it fails to furnish a gleam, glimmer, spark or scintilla in favor of plaintiffs.

■ In civil cases, the question must go to the jury, if the evidence, or reasonable inferences arising therefrom, furnish a mere gleam, glimmer, spark, the least particle, the smallest trace, a scintilla, in support of the theory. Brandwein v. Elliston, 268 Ala. 598, 109 So.2d 687; Scott v. Southern Coach & Body Co., supra.

It is our opinion this case should have been submitted to the jury for its consideration, after proper instructions as to the law of detinue and elements necessary to gifts inter vivos and gifts causa mortis.

For this reason, we are compelled to rule that the trial court erred in giving the affirmative charge with hypothesis in favor of defendant.

Though having disposed of the appeal upon assigned error, we feel it necessary to comment further upon the action of the trial court at the conclusion of the evidence. We have previously set out that part to which we now refer.

In open court, in the presence of the jury, before argument, and without any request from defendant, oral or written, the judge directed that he be given the *"General Charge and we will find* (sic) *this up."* (Italics ours.) He further stated categorically that he was going to give the *"general charge* to the jury;" and added the following comment, "a man has a right to give property away and if you bring people in here that says that he gave it to her, there is nothing anybody could do but give it to her."

Although exception was taken to this statement by appellant's counsel, it was not assigned as error on the appeal. We could not, therefore, consider it as basis for reversal.

 Such comment upon the evidence before the jury was highly improper, and most prejudicial to plaintiffs. It is clear that the court was expressing an opinion as to the weight and effect of the evidence of defendant. It was so clear, that the subsequent affirmative charge with hypothesis given by the court, was in effect the "general charge" which the court first stated was going to be given. There is a very distinct difference in the "general charge" and the affirmative charge with hypothesis. For the distinction we cite the outstanding article in Jones' Alabama Jury Instructions, Vol. 1, p. 181, written by Judge J. Russell McElroy.

To make even clearer the misunderstanding or misapplication of the affirmative charge with hypothesis in this instance, the record discloses that no further instructions were given, and no closing arguments by counsel were allowed. The jury was peremptorily given direction to enter a verdict if they agreed with the judge. We consider these actions by the trial judge highly irregular, and not conducive to proper respect for the impartiality of a trial judge.

Reversed and remanded.