[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1056 
Macon County and the Macon County Commission appeal from a judgment based on a jury verdict in favor of Armanda Sanders, administratrix of the estate of Michael Sanders, and from the denial of a motion for a directed verdict and a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. Mr. Sanders was killed in a two-vehicle collision on County Road 2, a rural dirt road in Macon County, on March 27, 1986. His estate sued the County and the County Commission, claiming that they had been negligent and wanton in the repair, maintenance, construction, and/or design of the road. The jury awarded the estate $335,000, which the trial judge remitted to $100,000.
The defendants raise several issues on appeal. They claim that the trial court erred in denying various motions, including their motion for a directed verdict and their motion for a judgment notwithstanding the verdict or, in the alternative, a new trial; that the trial judge made improper evidentiary rulings during the trial; and that the trial judge committed improper conduct at trial. We affirm.
 I. Review of denial of motions for directed verdictand judgment notwithstanding the verdict
The standard of review for the denial of motions for a directed verdict and a judgment notwithstanding the verdict is whether the party with the burden of proof has produced sufficient evidence to require a jury determination. Ex parteOliver, 532 So.2d 627 (Ala. 1988).
The defendants claim that the case should not have been submitted to a jury because 1) there was no evidence of wantonness; 2) Michael Sanders was contributorily negligent by driving in the wrong lane; and 3) the plaintiff failed to prove that the road was not reasonably safe or that the defendants had received notice of any defects that proximately caused the accident.
A finding of wantonness requires a showing that a party, " 'with reckless indifference to the consequences, . . . consciously and intentionally did some wrongful act or omitted some known duty which produced injury.' " Whitmore v. Burge,512 So.2d 1320, 1327 (Ala. 1987) (quoting Griffin Lumber Co. v.Harper, 247 Ala. 616, 618, 25 So.2d 505, 506 (1946)). There was sufficient evidence to submit this claim to the jury and for the jury to find the defendants liable. There was evidence that the defendants had received complaints about the condition of the road at the site of the accident and that they had failed to act on the complaints.
The defendants claim that Michael Sanders was driving in the wrong lane at *Page 1057 
the time of the collision and thus was contributorily negligent. However, the plaintiff produced evidence that the driver of the other vehicle was in the wrong lane when the vehicles collided. Thus, the plaintiff produced sufficient evidence to require a jury determination of the question of contributory negligence.
A county has the duty to keep its roads in a reasonably safe condition for travel and to remedy defects in the roadway on receipt of notice of those defects. Jefferson County v. Sulzby,468 So.2d 112, 114 (Ala. 1985); § 23-1-80, Code of Alabama 1975. The defendants argue that they never received notice of any defect that might have proximately caused the accident and that the trial court allowed the jury to use wrong standards to determine whether the road was reasonably safe. As stated earlier, there was sufficient evidence of complaints to the defendants to submit the question of notice to the jury. The defendants claim that the standards that should have been used to measure the safety of the road were those standards existing at the time the road was built, which was sometime before 1937, and not those standards existing in 1986, when the accident occurred. The defendants also claim that different standards should be used for a rural dirt road than for a metropolitan highway. The correct standard is that a county keep a road in a reasonably safe condition for travel and that it remedy defects on receipt of notice of those defects. This standard applies to a public dirt road as well as to a paved metropolitan highway. The customary absence of signs on dirt roads and the poor maintenance of dirt roads do not provide conclusive evidence of a lack of negligence in the present case. The standard to be applied is what reasonably should have been done, not what customarily is done. See Elmore County Commission v. Ragona,540 So.2d 720, 726 (Ala. 1989).
There was testimony at the trial about the standards set out in the Uniform Manual on Traffic Control Devices and in manuals of the American Association of State Highway Officials, all of which were published after this road was built. These standards do not furnish conclusive evidence of negligence, and the plaintiff did not rely solely on these standards to prove that the road was not reasonably safe. See Sulzby, 468 So.2d at 114. There was evidence that the road was overgrown with vegetation, that it had ruts and was washed out in places, that motorists had to drive in the middle of the road because of the narrow width, that sight distances were insufficient, and that warning signs were needed on the road. Thus, there was sufficient evidence of defects to submit to the jury the question of whether the road was reasonably safe for travel.
 II. Evidentiary issues A. Improper site visitation
The trial judge allowed the jury to view the scene of the accident. A trial judge has the discretion to allow a view of the scene. McElroy's Alabama Evidence, § 208.01 (3d ed. 1977) at 462. The defendants, however, argue that the trial judge abused this discretion by having the attorney for each side stand at the point in the road where his client claimed the impact occurred. The defendants claim that this amounted to allowing the attorneys to give testimony at the site.
It is improper for testimony to be given while the jury is viewing the scene of an accident. McElroy's, § 208.01, at 462-63; Kilgore v. State, 19 Ala. App. 181, 182, 95 So. 906
(1923); Manning v. Atlanta, B. A. R.R., 206 Ala. 629,91 So. 446 (1921). However, the error was not prejudicial, because testimony regarding the claimed impact points had already been received into evidence and no new evidence was received at the scene. See Yeary v. Holbrook, 171 Va. 266, 198 S.E. 441 (1938).
 B. Subsequent repairs
Defendants argue that the trial judge incorrectly allowed the introduction of evidence of subsequent repairs to the road. Plaintiff's attorney asked Mr. Frank Lee, a county commissioner and witness for the defendants, if the County had any future plans to erect a speed limit sign or *Page 1058 
warning signs on the road in question. Evidence of subsequent remedial measures is not admissible to show a defendant's prior negligence. Hyde v. Wages, 454 So.2d 926 (Ala. 1984). In this case, however, the plaintiff was not offering the evidence to show the defendants' prior negligence but, rather, to show that the defendants did not intend to improve the safety of the road and thus that their conduct was wanton. The evidence was admissible, because it was not offered to show negligence.
 C. Opinion evidence
The defendants argue that the trial judge improperly allowed Jack Chambliss, a traffic engineer testifying for the plaintiff, to give his opinion about the proximate cause of the accident. Experts may testify as to the ultimate issue in a case. Harrison v. Wientjes, 466 So.2d 125 (Ala. 1985). A determination of whether a witness qualifies as an expert rests largely in the discretion of the trial judge, and that determination will be reversed only if found to be palpably wrong. Hagler v. Gilliland, 292 Ala. 262, 292 So.2d 647 (1974). An expert is defined as "anyone whose opportunity or means of knowledge in a specialized art or science is better than that of the average juror or witness," Smoot v. State, 520 So.2d 182
(Ala.Crim.App. 1987), such that his testimony will aid the jury. Glaze v. Tennyson, 352 So.2d 1335 (Ala. 1977). Through the extensive questioning of Chambliss, it was shown that he possessed sufficient knowledge, training, and experience to qualify as an expert and to testify as to the cause of the accident, and thus it was not an abuse of discretion to allow him to testify. See Hunter v. State, 338 So.2d 513, 515
(Ala.Crim.App. 1976).
The defendants also claim that the trial judge erred in not allowing another expert to give opinion testimony. Their attorney asked the state trooper who investigated the accident his opinion about the proximate cause of the accident. The defendants argue that, as an expert witness, the state trooper could give such an opinion (Harrison, 466 So.2d 125, 127); thus, they argue, it was error to disallow this testimony. Even if this was error, however, its disallowance did not prejudice the defendants, because the trooper was allowed to testify as to how, in his opinion, the accident happened. This testimony, in effect, included his opinion of the cause.
 D. Leading of expert witness
The defendants argue that the trial judge incorrectly allowed the plaintiff to ask leading questions of an expert witness for the plaintiff. The testimony, however, was admissible because the plaintiff claimed surprise. McElroy's, § 121.05(7); Cloudv. Moon, 290 Ala. 33, 273 So.2d 196 (1973).
 E. Hearsay objection
The defendants claim that the trial judge improperly excluded certain testimony of Brad Blue, the driver of the other vehicle, on the grounds of hearsay. Blue died before trial, from causes unrelated to the accident, and certain parts of his depositions from separate proceedings against him and his employer were admitted as evidence. The trial judge disallowed the introduction of Blue's statements about the wreck to his employer. The trial judge correctly excluded this hearsay testimony. It does not qualify as admissible former testimony, because the parties in the former proceeding and those in this proceeding are not substantially the same. McElroy's, § 245.07(1) and (7), at 518.
 F. Prior accident
The defendants argue as error the admission of evidence of a prior fatality on County Road 2. Even if the evidence was inadmissible, the error was not preserved for review because the defendants did not object until the question whether there had been another fatality on the road had been answered.McElroy's, § 426.01(3) at 793-94, Davis v. Southland Corp.,465 So.2d 397 (Ala. 1985).
 III. Conduct of the trial judge
The defendants argue that the trial judge committed misconduct requiring *Page 1059 
reversal. The first alleged misconduct concerns comments made by the trial judge about the site inspection. It is improper for a trial judge to comment on the weight and effect of the evidence, Smith v. Clements, 45 Ala. App. 435, 231 So.2d 759
(Ala.Civ.App. 1970), or on the credibility of a witness.Clevenger v. State, 369 So.2d 563 (Ala.Civ.App. 1979). Reviewing the record, however, we find it obvious that the trial court's comments were just joking remarks and were not comments on the evidence. Therefore, no error was committed.
The defendants also claim that the trial judge improperly questioned witnesses. A trial judge has the discretion to question a witness as long as he does not create an impression of favoring one party. McElroy's, § 121.04, at 249. The defendants objected to only one of five instances of alleged error of this sort. In that one instance of alleged error preserved for review, the trial judge asked the investigating state trooper if two vehicles could safely pass on the road if they were traveling 55 m.p.h. Asking this question was not error, because the question did not favor either party and, thus, was not improper.
AFFIRMED.
JONES, ALMON, HOUSTON and KENNEDY, JJ., concur.