This is an appeal from a judgment rendered on a jury verdict in favor of the defendant, Mary Jane Cork Thomas, in a negligence action arising from a motor vehicle accident. The question presented is whether the jury's verdict was against the great weight of the evidence.
On September 26, 1986, Thomas was driving along an entrance ramp to Interstate Highway 59 ("I-59"), northeast of Tuscaloosa, when she turned to speak to the passenger in her car. At that moment, Thomas lost control of her vehicle, left the pavement, and crossed the grassy area separating the entrance ramp from I-59. She then entered the right lane of traffic and struck a United States Postal Service truck being driven by Ricardo Hall.
Hall filed an action against Thomas, alleging negligence and claiming damages based on medical expenses, pain and suffering, and loss of earnings. At trial, Thomas argued that Hall was precluded from recovering because he had been contributorily negligent by not keeping a proper lookout and because he failed to show that the damages he claimed were proximately caused by the accident. Although it is not clear why the jury returned a verdict in Thomas's favor, her negligence in this case is obvious; therefore, we must infer that the jury accepted one of those two arguments. Hall argues that the trial judge's denial of his motion for a new trial was error because, he says, the jury's verdict was against the great weight of the evidence.[1]
To recover in a negligence action, the plaintiff must prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury to the plaintiff as a result of that breach. Smith v. Blankenship, 440 So.2d 1063, 1065 (Ala. 1983). All of the damages claimed by Hall are the result of purported injuries to his neck or back. He testified that he was in pain immediately after the accident and that his pain increased in severity over the next 24 hours. His testimony was corroborated by his mother and by Robert Bell, who was riding with Hall and who testified that Hall appeared to be in pain after the accident. However, both Thomas and Joseph Brzezinski, the state trooper who investigated the accident, testified *Page 938 
that Hall did not appear to have been injured in the accident.
Hall was examined by four physicians in the nine-month period after the accident. The first physician, Dr. Dewey Jones, an orthopedic surgeon, testified that all of Hall's physical findings were normal, and that all of the objective tests he performed on Hall, including X-rays and a CAT scan, were within normal limits. Dr. Gordon Kirschberg, a neurologist, testified that all neurological tests on Hall were normal, and he opined that Hall was suffering from, "at most," mechanical back pain. Dr. Roy Stanton, an internist, testified that his examination and tests revealed no severe injury to Hall's neck or back. He testified that Hall could return to work. The final physician, Dr. Rodney Belcher, an orthopedic surgeon, first examined Hall in May 1987, almost eight months after the accident. At that time, Dr. Belcher found no objective signs of injury to Hall's back or neck. However, in July 1987, Dr. Belcher discovered a herniated disc in Hall's spine. That defect was subsequently surgically corrected. Although that finding was the first objective finding of an injury to Hall's back or neck, Dr. Belcher was unable to say that it had been caused by the September 1986 accident.
As indicated by the conflicting testimony, there was considerable controversy as to whether Hall's health problem was proximately caused by his accident with Thomas. A jury is free to determine the extent of a plaintiff's injuries, but can not ignore the existence of those injuries, as long as the evidence is not in dispute as to whether there has been an injury. However, where the facts tending to show whether the plaintiff was injured as a proximate consequence of the defendant's negligence are in dispute, as in the instant case, "it is peculiarly within the province of the jury to resolve those conflicts." Pacheco v. Paulson, 472 So.2d 980, 983 (Ala. 1985). After reviewing the record, this Court is satisfied that there was sufficient evidence to allow the jury to conclude that Hall's herniated disc, which was first diagnosed 10 months after the accident, was not a proximate result of the accident with Thomas, and that he did not otherwise suffer any compensable injury. Smith, 440 So.2d at 1067. Therefore, the trial judge was not in error in denying Hall's motion for a new trial.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] This Court notes that Hall's appellate counsel did not represent him at trial.