STEAGALL, Justice.
The plaintiffs appeal from a judgment rendered on a jury verdict in favor of the defendants, Kevin Wayne Thornton and Color-Mart, Inc., in a negligence and wantonness action arising from a motor vehicle accident. The plaintiffs, Jack Jeffrey Youngblood and Yvonne Youngblood, raise three issues on appeal. First, they challenge the defendants’ directed verdict on the issue of wantonness. Second, they challenge the trial court’s denial of their motion for judgment notwithstanding the verdict. Third, the Youngbloods challenge the trial court’s denial of their motion for a new trial.
In the late afternoon of July 14, 1988, Jack Jeffrey Youngblood was returning from Atlanta, Georgia, in his newly purchased late-model Datsun 280 ZX automobile on U.S. Highway 280 East to his home in Dadeville, Alabama, when he stopped to make a left turn off the highway into his driveway. As he was waiting for oncoming traffic to pass, another driver in a Mercury Cougar automobile approached his vehicle from behind and also stopped. Several seconds later, Kevin Thornton, agent for Color-Mart, approached the crest of a hill in a service van traveling at approximately 45 miles per hour, in a 55 mile-per-hour speed zone, when he saw the two vehicles stopped in the roadway; he immediately applied his brakes, but the van collided with the rear of the Mercury Cougar, which, in turn, collided with the rear of Jack’s vehicle. Seconds after the accident, Jack exited the car and indicated that he was not injured. Approximately 15 to 20 minutes after the accident, Yvonne Young-blood took her husband to East Alabama Medical Center because he was complaining of chest pains and a headache. Dr. Alan Swindall examined Jack and found no serious injuries. Dr. Swindall prescribed pain relief medication for Jack’s symptoms and released him shortly thereafter.
The following day, Jack returned to the emergency room, complaining of a swollen tongue and of neck pain. After having a second examination, including X-rays, Jack was given a prescription of Tylenol 3 for pain and was released.
On November 28, 1988, four months after the accident, Jack visited Dr. Swindall again, complaining of a knot in his stomach. Dr. Swindall examined Jack and concluded that he was possibly suffering from a ventral hernia, a condition he viewed as unrelated to the automobile accident in July. Dr. Swindall then referred Jack to a specialist.
On May 11, 1989, the Youngbloods sued Thornton and Color-Mart under the theory of negligence and wantonness, claiming $600,000 in damages for personal injuries suffered, loss of wages, permanent disability, and loss of consortium. More specifically, the Youngbloods contend that the hernia suffered by Jack, which was discovered four months after the automobile accident, was an injury directly related to the accident and was proximately caused by the negligence or wantonness of Thornton.
At the close of the plaintiffs’ case, the trial court directed a verdict in favor of Thornton and Color-Mart on the wantonness claim. At the close of the defendants’ case, the trial court directed a verdict for the Youngbloods on the defendants’ contributory negligence defense. The jury returned a verdict in favor of Thornton and Color-Mart. The trial court subsequently denied the Youngbloods’ motions for a new trial and for a JNOV. The trial court’s denial of these motions, as well as the directed verdict in favor of Thornton and Color-Mart on wantonness, is the subject of the Youngbloods’ appeal.
*231 I
As to the Youngbloods’ contention regarding the directed verdict, we note that our review is governed by the familiar standard found in the “substantial evidence” rule. See Ala.Code 1975, § 12-21-12. Thus, the standard of review applicable to the directed verdict in favor of Thornton and Color-Mart on the issue of wantonness is whether the nonmoving parties, the Youngbloods, presented substantial evidence in support of their position. If the Youngbloods failed to provide such evidence, then the directed verdict was proper. Bailey v. Avera, 560 So.2d 1038 (Ala.1990), and Macon County Commission v. Sanders, 555 So.2d 1054 (Ala.1990).
A finding of wantonness requires a showing by the Youngbloods that Thornton acted “ ‘with reckless indifference to the consequences [and that] he consciously and intentionally did some wrongful act or omitted some known duty which produced injury.’ ” Whitmore v. Burge, 512 So.2d 1320, 1327 (Ala.1987) (quoting Griffin Lumber Co. v. Harper, 247 Ala. 616, 618, 25 So.2d 505, 506 (1946)). See, also, Macon County Commission v. Sanders, 555 So.2d at 1056.
The evidence shows that Thornton was traveling on U.S. Highway 280 on a wet pavement at approximately 45 miles per hour (10 miles per hour under the speed limit) when he reached the crest of a hill and was confronted with two vehicles directly in his path. Thornton immediately applied his brakes, but was unable to prevent a collision. Thornton was unable to avoid the collision by steering his vehicle to the left because of oncoming traffic, or to the right because of a deep ravine. There is no evidence of record of any aggravated action or condition on Thornton’s behalf. Therefore, the Youngbloods failed to present substantial evidence of wantonness.
II
The Youngbloods’ motion for JNOV required the trial court to test the jury’s verdict against the evidence, viewing the evidence in a light most favorable to Thornton and Color-Mart, and determine whether there was any credible evidence from which the jury could have drawn inferences to support the verdict. Mallory v. Hobbs Trailers, 554 So.2d 966 (Ala.1989). On appeal, this Court’s review is governed by the “substantial evidence” rule. Macon County Commission v. Sanders, supra; Ala. Code 1975, § 12-21-12. Whether a trial court erred in ruling on a motion for JNOV is tested by a purely objective determination of whether the party having the burden of proof has produced evidence requiring resolution by the jury. Ex parte Oliver, 532 So.2d 627 (Ala.1988).
When the trial court denied the Young-bloods’ motion for JNOV, it, in effect, held that Thornton and Color-Mart had produced enough credible evidence to support the jury’s finding of no negligence. Our review of the evidence convinces us that the trial court reached a correct result.
To recover in a negligence action, the Youngbloods must prove: 1) a duty owed by Thornton and Color-Mart, 2) a breach of that duty, and 3) an injury to the Youngbloods resulting from that breach. Hall v. Thomas, 564 So.2d 936 (Ala.1990). All the damages claimed by the Young-bloods are the result of Jack’s hernia. The cause of the hernia, which was not discovered until four months after the accident, was the subject of conflicting testimony by several physicians. Whether the hernia condition was a result of the accident or was congenital was a determination properly within the province of the jury. The evidence consisted of testimony from the parties, six physicians (one on behalf of the Youngbloods and five on behalf of Thornton), two nurses, and one expert on vocational rehabilitation. In addition, there were numerous X-rays, CAT scans, and photographs presented, and the jurors were allowed to visit the accident scene.
Clearly, there was conflicting testimony as to whether Jack’s health problem was proximately caused by the accident. Although we have stated before that a jury cannot ignore the existence of an injury, where facts tending to show whether a *232 plaintiff was injured as a proximate consequence of a defendant’s negligence are in dispute, as in the present case, “ 'it is peculiarly within the province of the jury to resolve these conflicts.’ ” Hall v. Thomas, 564 So.2d at 938 (quoting Pacheco v. Paulson, 472 So.2d 980, 983 (Ala.1985)). After a thorough review of the record, we are convinced that there was sufficient evidence to allow the jury to conclude that Jack’s hernia condition was not a proximate result of the accident. Thus, we find no error in the trial court’s denial of the Youngbloods’ motion for JNOV.
Ill
As to the trial court’s denial of the Youngbloods’ motion for a new trial, we find no error. The Youngbloods contend that the jury’s verdict is against the great weight and preponderance of the evidence. A motion for new trial based on these grounds must be examined to determine whether the jury’s verdict is palpably wrong or manifestly unjust. Ex parte Oliver, supra. Thus, on appeal, we are required to review all the evidence of record and determine if there is substantial evidence to support the jury’s verdict; if such evidence exists, we must conclude that the verdict is not palpably wrong or manifestly unjust and that the trial court’s denial of the motion for new trial was correct. Id. Again, we believe there was substantial evidence offered by Thornton and Color-Mart to support the jury’s verdict; thus, we find no error in the trial court’s denial of the Youngbloods’ motion for a new trial.
Based on the foregoing, the judgment of the circuit court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.